PEOPLE *ex rel.* BRUSH ILLUMINATING ELECTRIC CO. *v.* WEMPLE,
Comptroller.

(*Supreme Court, General Term, Third Department.* July 11, 1891.)

1. TAXATION—ERRONEOUS ASSESSMENT—CERTIORARI.

The writ of *certiorari* will lie to correct an erroneous assessment of taxes on the franchise of a corporation doing business in the state of New York, in case of a refusal of the state comptroller to readjust the same, under Laws N. Y. 1889, c. 463, § 20, which provides that the action of the comptroller, on application to him by any corporation for revision and resettlement of accounts, may be revised, both on the law and the facts, on *certiorari,* by the supreme court, at the instance either of the tax-payer, or the attorney general on behalf of the people.

2. SAME — EXEMPTIONS—MANUFACTURING CORPORATIONS—ELECTRIC LIGHT COMPANIES.

A corporation engaged in the business of generating and supplying electric currents for illuminating purposes is not a manufacturing corporation, within that clause of Laws N. Y. 1881, c. 361, § 3, which exempts from taxation "manufacturing corporations carrying on manufacture within the state."

3. SAME—TAX ON PATENTS.

A tax assessed against an electric illuminating company doing business in the state of New York under patents controlled by it, and in which part of its capital is invested, is not a property tax assessed on the patents, but a tax on the franchise of such corporation, which is therefore not entitled to exemption from such tax.

*Certiorari,* at the relation of the Brush Illuminating Electric Company, to review an assessment and taxes imposed by Edward Wemple, comptroller of the state of New York, upon the relator, under chapter 542 of the Laws of 1880, and the various acts amendatory thereof. The relator is a domestic corporation doing business in the city and state of New York, and was incorporated under the general laws of the state of New York in February, 1881. The taxes were assessed and imposed by the comptroller upon the claim and assumption by that officer that the relator was not a manufacturing corporation doing business within this state, and was not, therefore, entitled to exemption upon its franchise, under section 3 of the act referred to. The relator claims exemption under that act, and, after the imposition of these taxes, applied to the comptroller to reverse and readjust such assessment and taxes, which the comptroller refused to do, and after such refusal the relator sued out this writ to review the action of the comptroller.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ

*Cravath & Houston,* (*John W. Houston,* of counsel,) for appellant. *Chas. F. Tabor,* Atty. Gen., (*I. H. Maynard,* Dep. Atty. Gen., of counsel,) for respondent.

MAYHAM, J. The attorney general objects to proceeding under this writ to review the action of the comptroller, on the ground that by section 1 of the above-mentioned act the relator had a remedy by appeal to a board of state officers therein referred to, and, having failed to apply to such officers, it is precluded by section 2122 of the Code of Civil Procedure from resorting to the writ of *certiorari* for redress.

We have held at this term, in the case of *People* v. *Wemple,* 15 N. Y. Supp. 711, that it was not clear that the appeal given by this section to the board of state officers, designated therein, applied to a case where the right to impose any tax was denied, as in this case; but, whether or not that was so, section 20, which was added to this act and made a part of it, clearly authorized a review by *certiorari* from the determination of the comptroller on an application for a revision or readjustment of the taxes provided for in this act, and was therefore an available remedy. But we reached a conclusion in that case upon facts similar to those presented in this,—that an electric light company was not shown to be a manufacturing company, and was not within the exceptions and exemptions from taxation upon its franchise or business under section 3 of chapter 361 of the Laws of 1881. The expert evidence in that case, as in this, is in conflict as to whether electricity as accumulated by the

relators, and dispensed in the form of electric light, is or is not a manufactured article or product. The comptroller, as the taxing officer, upon all the evidence now before the court, had determined it was not, and that determination was by no means unsupported by evidence. This controversy being presented to the comptroller as a question of fact, we do not think that there was such a preponderance of proof in favor of the contention of the relator as to justify this court to reverse his determination, and hold as matter of law that electricity is such a manufactured article, commodity, or force as to bring the company applying it within the designation of "manufacturing corporation" under the statute, against the expressed or necessarily implied determination of the comptroller, as the taxing officer of the state. Electricity is used in a great variety of forms,—for telegraphic and telephonic communications, in which the communications dispatched are matters of commerce, and a source of revenue to the companies using the same, and as power in the propulsion of railroad cars, from which the company derives an income; and we are not aware that in such uses of electricity it has been claimed or held that its production or use as thus applied has been held to be a manufacture, so as to exempt the companies using it from taxation under the exemption in the statute. Future developments in science may settle definitely this disputed question; but until it is settled the determination of the comptroller in imposing this tax should not be reversed by the court.

Our attention has been called by the relator to several acts of the legislature in which companies have been characterized as corporations to manufacture, use, or supply electricity, or similar expression, from which it is urged that there is a legislative recognition of electricity as a manufactured article. But it is quite apparent from an examination of these acts that the legislature, in using these expressions, never had in contemplation any legislative determination of the question involved in this controversy. In *People* v. *Wemple, supra*, this court held that, to reverse an assessment made by a public officer charged with the duty of making an assessment, and having jurisdiction of the parties and subject-matter, it must be made to appear affirmatively that the assessment is, in part or in whole, erroneous; and this rule is fully supported by authority. *People* v. *Commissioners*, 99 N. Y. 154, 1 N. E. Rep. 401. We think this rule applies with equal force in this case. The relator assumes the burden of showing this tax erroneous, and must affirmatively establish that proposition. Cooley, Tax'n, 146; *Academy of Fine Arts* v. *Philadelphia Co.*, 22 Pa. St. 496; *People* v. *Commissioner, supra.* In this we think the relator has failed. The action of the comptroller in making this assessment, and in collecting this tax, is confirmed, and the writ of *certiorari* quashed, with $50 costs and disbursements against the relator.

LANDON, J. This case also comes before us upon a writ of *certiorari* to review the proceedings and determination of the comptroller in imposing taxes upon the franchise and business of the relator, with penalties added, and his refusal to revise and resettle the same. The relator was incorporated under chapter 40, Laws 1848,—the so-called "Manufacturing Act." It is engaged in business like that of the Edison Electric Illuminating Company. The case differs in details, but not in principle, from that of *People* v. *Wemple*, 15 N. Y. Supp. 711, (just decided.) For the reasons stated in the opinion in that case a like order must be entered.