THE PEOPLE OF THE STATE OF NEW YORK ᴇx ʀᴇʟ. EDISON ELECTRIC–LIGHT COMPANY *v.* EDWARD WEMPLE, Cᴏᴍᴘᴛʀᴏʟʟᴇʀ ᴏꜰ ᴛʜᴇ Sᴛᴀᴛᴇ ᴏꜰ Nᴇᴡ Yᴏʀᴋ.

*Corporations — taxation on business or franchise — when capital stock is "employed within this State" — an investment of it in patents and in stock of foreign companies is not "employing" it — Laws of 1880, chap. 542, secs. 1 and 3; 1881, chap. 361; 1882, chap. 151; 1885, chap. 501.*

Under the corporation tax laws a corporation is liable to pay a tax upon its franchise or business, to be computed upon the capital stock as valued; and the amount of said stock which forms the basis of the tax is "the amount of capital stock employed within this State."

Substantially all the capital stock of an electric-light company was invested in patent-rights, and in the stock of various State and foreign corporations, received from them in return for the right to use its patents.

The electric-light company did not itself employ these patent-rights in the furnishing of light, but, so far as appeared, only sold them at its office in the State of New York, and whatever use was made of them was by its licensees. Nor did it furnish light in any of the various places where the licensed corporations did business.

PEOPLE ex rel. EDISON E. L. CO. v. WEMPLE.    445.

THIRD DEPARTMENT, FEBRUARY TERM, 1892.

*Held*, that all the capital stock of the corporation was "employed within this State."

That by the word "employed" was meant employed by the corporation.

That the investment of its capital stock in the securities of other foreign companies was not employing it. That employing it meant keeping it at work.

That, so far as the capital stock was invested in patent-rights, co-extensive with the United States, it was still subject to tax in the State of New York.

That the tax was upon the franchise or business, and that the manner of investment did not relieve the corporation from the tax.

That a proceeding by *certiorari* was a proper method by which to review a determination of the State Comptroller as to such taxes.

CERTIORARI to review the determination of Edward Wemple, as Comptroller of the State of New York, in imposing taxes upon the business or franchise of the relator for the years 1889 and 1890, under sections 1 and 3 of chapter 542 of the Laws of 1880, as amended by chapter 361 of 1881; chapter 151 of 1882, and chapter 501 of 1885.

*Eugene H. Lewis*, for the appellant.

*S. W. Rosendale*, attorney-general, for the respondent.

PUTNAM, J.:

This is a proceeding by *certiorari* to review the action of the comptroller in imposing a tax upon the relator for the years ending November 1, 1889 and 1890, under the provisions of chapter 542, Laws of 1880, as amended or added to by chapter 361, Laws of 1881; chapter 151, Laws of 1882, and chapter 501 of Laws of 1885.

The substance of the provisions of said act, as far as they bear upon the questions involved, are as follows:

Section 1 provides that certain corporations shall make annual reports to the comptroller on or before November fifteenth of the amount of capital stock paid in, etc.; and in cases where no dividends are made, or dividends less than six per cent, that the officers of the corporations shall, between the first and fifteenth of November in each year, appraise and estimate the value of the stock of said corporations and furnish the comptroller a certificate of the said value of such stock, under oath, of its officers. Under section 3, "Every corporation * * * incorporated * * * in this State * * * shall be subject to and pay a tax, as a tax upon its corporate franchise or business, into the treasury of the State,

**446**    PEOPLE ex rel. EDISON E. L. CO. v. WEMPLE.

THIRD DEPARTMENT, FEBRUARY TERM, 1892.

annually, to be computed as follows: * * * The tax to be at the rate of one and one-half mills upon each dollar of a valuation of the said capital stock, made in accordance with the provisions of the first section of this act." Section 2 of said act, added by Laws of 1882, as amended by chapter 501 of Laws of 1885, provides that " the amount of capital stock, which shall be the basis of the tax under * * * section 3, * * * shall be the amount of capital stock employed within this State."

It will be seen, therefore, that where no dividends are made, as in this case, the tax is to be imposed by the comptroller upon the *value* of that part of the capital stock of the corporation *employed* within this State.

The Edison Electric-Light Company was incorporated on December 31, 1886, under the laws of this State, having its office in the city of New York, with a paid-up capital, in 1889, of $1,500,000, and, in 1890, $1,600,000, divided into shares of $100 each, the value of which the comptroller finds, in 1889, was $135 per share, and in 1890 was $170 per share, although no dividends had ever been paid

The capital stock of the corporation was used in purchasing patents, defending the same in litigations, experimenting and exploiting. In fact, substantially the whole capital of the relator was invested in its patents extending over the United States and other countries. It had, in 1889 and 1890, received income from the sale of licenses under its patents in various cities and villages in this and other States. The system adopted by relator in the transaction of its business was as follows: It procured the formation of local corporations in desirable localities, and conveyed to such local corporations the right to use its patents over certain territory, and in payment of such conveyances took the stock of such local companies.

In 1889 it held of such stock of various local corporations in this State, $556,700, and in those outside of this State $1,456,673, amounting in all to $2,010,373. In 1890 the relator owned in stock of companies in this State, $1,399,950, and in those outside of the State, $1,757,531, amounting to $3,157,481.

In the years 1889 and 1890, therefore, the Edison Electric Company's capital was invested in local stock of various corporations in the State of New York and elsewhere to the amount as above

specified, represented, we may properly assume, by certificates of stock in possession of relator at its office in New York, and also in its patent-rights extending over that part of the United States, and over other countries where it had not, by any conveyances, sold its right to such patents.

The capital of the company being invested as above, its business in the years mentioned was the selling of the rights to use its patents to local corporations, formed or being formed, for a consideration which the relator received in the stock of such local companies.

The question to be determined in this case is, did the comptroller reach a correct conclusion in holding that in the years 1889 and 1890, the whole capital stock of the relator was employed within this State.

He so held and fixed the value thereof at the sum as above specified. Assuming that he reached the correct conclusion in determining that all of said capital stock was employed in the State, his finding as to the value of such stock should be deemed conclusive. (*People ex rel. Am. C. and D. Co* v. *Wemple*, 42 N. Y. St. Rep., 404.)

The relator claims that not more than $50,000 of its capital is employed in the State of New York. That the value of its patents for the State of New York does not exceed one-twentieth of its entire value. That its capital invested in letters-patent for all the territory other than that of New York is not employed within the State. Also, that where it has sold licenses for a local territory out of the State and taken stock in the local corporation it has, as to each of those places, invested a part of its capital represented by such stock, which cannot be deemed capital employed in this State.

It is now settled that the action of the comptroller in such a case as this can be reviewed by *certiorari* under section 463 of the Laws of 1889. (*People ex rel. American C. and D. Co.* v. *Wemple*, 42 N. Y. St. Rep., 401.) And, therefore, the question submitted by the parties, and above stated, is properly before us and can be examined on its merits.

If the Edison Electric-Light Company, during 1889 and 1890, had been engaged in furnishing electric light at the various places outside of the State where the local corporations were formed, instead

of said corporations, no doubt would exist that it would in that case have been engaged in a business outside of the State, and that a part of its capital was employed in such business. In such a supposed case the company would have occupied the same position as the relator in *People ex rel. American C. and D. Company* v. *Wemple* (*supra*). But no such state of facts exists here as in that case. This company's only connection with business carried on outside of the State was to convey to local corporations, formed for the purpose of using its patents, the right to use the same for a limited territory, receiving in payment for such right, instead of money, the stock of such corporations. The relator might be deemed a wholesale dealer in electrical patents, doing business in New York, where it is incorporated, selling to local corporations all over the United States the right to use its patents, and taking in payment the stock of such corporations, evidenced by certificates of stock, which, we may assume, are held by it at its office in New York. The cases of *People* v. *American Bell Telephone Company* (117 N. Y., 241) and *United States* v. *American Bell Telephone Company* (29 Fed. Rep., 44) determines that the Edison Electric Light Company is not doing business in the various places outside of the State where it has licensed local companies to use its patents. Those cases hold that the owners of a patented article, who have simply licensed the use of it to any other party for the purpose of carrying on a trade or business, cannot be deemed liable to taxation on the theory that "it is carrying on the business." Under the authority of the said cases the relator, during the years of 1889 and 1890, only carried on a business in the State of New York, and did not carry on any business outside of that State. This being so, was any part of its capital employed out of the State?

The claim of relator is, that in every place where it has licensed local corporations, it has invested a part of its capital, conveying a part of its patent-rights, and taken in return for such investment certificates of stock evidencing and representing the same; and the letters-patent owned by Edison Electric-Light Company are property invested and employed by it in territory co-terminous with the territory for which said letters-patent were issued.

As we have seen, the statute under which the comptroller acted authorizes him to levy a tax on the franchise or business of the

PEOPLE ex rel. EDISON E. L. CO. v. WEMPLE.    449

Third Department, February Term, 1892.

company at the rate of one and one-half mills on the value of its corporate stock *employed within the State*. It will not be doubted that, unless some part of its capital stock is employed out of the State, all will be deemed, under the act in question, so employed within the State where the company is incorporated, has its office and does its general business. It is important to determine what meaning shall be given to the word "employed," as used in the statute in question. Doubtless it should be construed to mean *employed by the relator*. Also, the statute does not mean invested. It means used, kept at work or busy by the relator. It is not enough for the company to show an investment by it of a portion of its capital stock in the stock of a foreign corporation. It must also show that that part so invested is employed by it out of the State. Suppose that the $2,010,373 owned by it, in 1889 of local corporation stock and $3,157,401 in 1890, had been held in bonds of foreign States received in payment for its conveyance of patent-rights, it would not be deemed to have that part of its capital *employed* out of the State of New York. So, the amount invested in the stock of the local corporations in various parts of the country is to be deemed a mere investment. The amount of the relator's capital so invested is not employed out of the State. The doctrine laid down in the case of *People* v. *American Bell Telephone Company* (*supra*), determining that the relator is not engaged in any business, in the various parts of the country outside of New York, where it has licensed local corporations to use its patents, necessarily determines that the relator has not any capital *employed* where those local corporations exist. Unless the relator is engaged in the business carried on by said corporations it cannot be said to have its capital employed where said corporations are located. The effect of the holding in the above cited cases is to determine that the relations of the relator to the local corporations using its patents is that of a mere investor in the stock of such companies. It is not engaged in the business of such corporations, and hence it has not employed its capital therein. Such capital may properly be deemed employed in the State where the company is located.

But relator insists that "from the very nature of patent-rights, it is self evident that the capital of the relator invested in letters-patent

**450** PEOPLE ex rel. EDISON E. L. CO. *v.* WEMPLE.

THIRD DEPARTMENT, FEBRUARY TERM, 1892.

for a territory other than that of this State, is not and cannot be employed within the State." And counsel quotes an expression made by Mr. Justice CURTIS in *Stevens* v. *Gladding et al.* (17 How. [U. S.], 451), that "these incorporeal rights do not exist in any particular State or district, they are co-extensive with the United States."

In other words, a corporation like that of the Edison Electric-Light Company, who organize in this State with a capital of $1,500,000, paid up in cash under the act of 1880, as amended, might in the first instance be taxed by the comptroller for the whole amount of its capital stock. But the moment it purchased with its capital patent-rights, although doing its entire business in New York city, it can only be taxed, under the act in question, for the proportionate value of said patent-rights for the State of New York; that only such proportionate part of the value should be deemed employed in this State.

The answer to this proposition is that although relator owns patent-rights extending over the United States and over other countries, it is a New York corporation only doing business in this State, and that, therefore, it does not employ its capital except in this State. A sale in New York of the patent-right for South America, or other territory outside of this State, is doing business in New York, and not in South America or such other territory.

Under section 3 of the act of 1880, the tax imposed is not on property, but a tax upon the corporate franchise or business of the corporation. (*People ex rel. American C. and D. Co.* v. *Wemple,* 42 N. Y. St. Rep., 403; *People ex rel. Southern Cotton Oil Co.* v. *Wemple,* 42 id., 634; *People ex rel. Edison Ill. Co.* v. *Wemple,* 39 id., 608; 61 Hun, 53.) In the case last cited the court remarked: "Although a part of the relator's capital stock was invested in patent-rights, no deduction should be made from the tax upon that account. The tax is declared by the statute to be upon the corporate franchise or business. * * * It cannot be affected in any way by the character of the property in which the capital stock was invested." (See, also, *People* v. *The Home Ins. Co.*, 92 N. Y., 328.) In *People ex rel. Edison Electric Illuminating Company* v. *Wemple* (*supra*), I infer that no deduction was made for the proportionate value of that part of the patent out of the State. In *People ex*

PEOPLE ex rel. EDISON E. L. CO. v. WEMPLE.    451

THIRD DEPARTMENT, FEBRUARY TERM, 1892.

*rel. American Bell Telephone Company* (*supra*), although the point cannot be deemed decided, I infer from the language of the learned judge who delivered the opinion of the court, that he considered the amount of the capital of the Bell Telephone Company invested in patents employed in Massachusetts where that company was located.   (117 N. Y., 255, 256.)

In my judgment, a corporation chartered under our laws and doing its entire business in our State is liable to pay the license tax, under the act of 1880, on its whole capital, whether invested in patents or otherwise.

As we have said, and as was held in *People ex rel. Edison Electric Illuminating Company* v. *Wemple* (39 N. Y. St. Rep., 608), the comptroller could levy a tax under the act of 1880, though relator's capital was invested in patent-rights.   Those rights, it is true, extend over the United States and over other countries, authorizing the patentee or its grantees to use the patent inventions over all such territory.   But the relator never did use or employ its patent-rights outside of this State.   The aforesaid local corporations, its licensees or grantees, only, used said patent-rights. The only way that relator employed its capital so invested in patents was to sell patent-rights at its office in the State of New York, and, therefore, it employed its whole capital at that place.

Counsel for relator cites the case of *People ex rel. American C. and D. Company* v. *Wemple* (42 N. Y. St. Rep., 403), above referred to.   That case is not similar to the one we are considering.   There the relator was engaged in an actual business outside of the State.   In fact, the greater part of its business was without the State.   If the Edison Electric-Light Company were engaged in actually doing the business now carried on by the various local corporations to which it has sold licenses, this case would be similar to the case so cited.

The several authorities to which our attention is called, where the Pacific Mail Steamship Company was relator against the commissioners of taxes, I do not regard as parallel to this case.   Without attempting to discuss those cases at length, it is sufficient to say that they arose under a different statute.   The taxes there held illegal were taxes against property, and not, as under the law of 1880, a tax on the franchise or business of the corporation.   The

452   PEOPLE ex rel. ROEBLING'S SONS v. WEMPLE.

Third Department, February Term, 1892.

same may be said as to the case of the *People ex rel. Trowbridge* v. *The Commissioners of Taxes* (4 Hun, 595), and *People ex rel. Panama Railroad Company* v. *Commissioners of Taxes* (104 N. Y., 240). As stated in *People ex rel. Edison Illuminating Company* v. *Wemple* (*supra*), the tax being upon a corporate franchise is not affected in any way by the character of the property in which the corporate stock is invested.

The burden was upon the relator in this case to show that the tax imposed by the comptroller, of which it complains, was not authorized by the act of 1880. It must affirmatively establish that proposition. (*People ex rel. Brush Illuminating Electric Company* v. *Wemple*, 39 N. Y. St. Rep., 616.) I think it has failed to do so, and hence that the action of the comptroller should be confirmed and the writ of *certiorari* granted herein be quashed, with fifty dollars costs and disbursements against the relator.

HERRICK, J., concurred; MAYHAM, P. J., not acting.

Determination of comptroller confirmed and writ of *certiorari* quashed, with fifty dollars costs and disbursements.