THE PEOPLE OF THE STATE OF NEW YORK EX REL. AMERICAN SURETY COMPANY OF NEW YORK, PLAINTIFF, *v.* FRANK CAMPBELL, COMPTROLLER OF THE STATE OF NEW YORK, DEFENDANT.

*Taxes — on corporate franchise or business — after the comptroller has made one revision of an account stated by him against a corporation, his power is spent — appeal from his decision.*

The Comptroller of the State of New York settled and stated the taxes, upon the franchise or business of a corporation, due to the State, under chapter 542, Laws of 1880, on April 6, 1891. The corporation made an application, under section 19 of the act, as amended by chapter 463, Laws of 1889, to review and correct his decision, which application the comptroller denied on June 9, 1891. Thereafter the corporation made a second application, which was denied on February 3, 1892. Under section 20 of the act of 1880, as amended by the act

418 PEOPLE ex rel. AMER. SURETY CO. v. CAMPBELL.

THIRD DEPARTMENT, MAY TERM, 1892.

of 1889, the decision of the comptroller can be reviewed by the Supreme Court both on the law and the facts.

In a proceeding taken by the corporation to review by *certiorari* the decision of the comptroller refusing the last application:

*Held*, that section 19 contemplated but one revision by the comptroller, and that after it was made his power was spent.

That, even if the comptroller had the power to open the matter after his first revision, he was not bound to do so where the facts were substantially the same, and that his refusal to do so could not be reviewed by *certiorari*.

That his subsequent refusal to alter the first decision as to a revision, left that decision controlling.

CERTIORARI to review the determination or decision of Frank Campbell, Comptroller of the State of New York, whereby he, on February 3, 1892, declined to make any revision or readjustment of an account theretofore settled by him, as such comptroller, against the relator, the American Surety Company of New York, for taxes due the State for the year ending November 1, 1890.

*John J. Crawford*, for the plaintiff.

*Simon W. Rosendale*, Attorney-General, for the defendant.

PUTNAM, J. :

I think the writ of *certiorari* herein was improvidently granted. The relator seeks to review the decision of the Comptroller settling the tax on its capital for the year ending November 1, 1890, under chapter 542 of the Laws of 1880, as amended. These taxes were settled and stated by the Comptroller on the 6th day of April, 1891, at $1,500. The relator thereafter made an application to the Comptroller under section 19 of the act of 1880, as amended in 1889, to review and correct said assessment. Said application was made on affidavits and was entertained and considered by the Comptroller, and on June 9, 1891, he rendered his decision denying said application.

Under section 20 of the act of 1880, as amended by chapter 463 of the Laws of 1889, the decision of the Comptroller can be reviewed by the Supreme Court upon *certiorari*, on the law and facts. By section 17 of the Laws of 1880, added by chapter 501 of the Laws of 1885, no such writ of *certiorari* shall be granted, except application therefor shall be made within thirty days after service upon such corporation of a notice of such decision. Nor shall such writ be granted unless the papers upon which the motion therefor was

PEOPLE ex rel. AMER. SURETY CO. v. CAMPBELL.    419

. Third Department, May Term, 1892.

made, including notice of motion, shall have been served upon the Comptroller at least eight days before such notice. Nor unless the corporation making such motion shall have filed with the Comptroller an undertaking, etc.

Without considering the fact that no notice of motion or copy of the affidavits or undertaking required by section 17 (*supra*), has ever been served on the Comptroller, in my judgment, the application for a writ of *certiorari* was not made in time. The contention of the relator is, although the Comptroller had already heard and passed upon the application to revise and correct the taxes imposed April 6, 1891, and rendered his decision on such application June 9, 1891, and although the time to review said decision by *certiorari* under section 17 had passed by, yet, under said section 19, a new application may be made to the Comptroller to revise the decision of June 9, 1891, and from his order declining to revise, *certiorari* lies, under which the former ruling of the Comptroller may be reviewed.

In other words, that under section 19 the Comptroller may *repeatedly* revise and readjust taxes. It would follow that after the decision of the present motion the relator might make a new application to the Comptroller for a review, and from his decision declining to review *certiorari* would lie, under which could be reviewed all former orders.

I do not think that such construction can properly be given to section 19. It was intended by that section to give to the Comptroller the power to revise and readjust a tax by him previously imposed. But when any tax or account has been so revised and readjusted, and the Comptroller has rendered his decision thereon, the power conferred by the said section is spent. The decision rendered by the Comptroller on the application to revise and readjust a tax, I think, should have the force of a judgment rendered by a court. (See *Osterhoudt* v. *Rigney*, 98 N. Y., 236 ; *People ex rel. Myers* v. *Barnes*, 114 id., 326.) It is proper that parties should, at some time after the imposition of the license tax, have an opportunity to be heard by the Comptroller, but after such a hearing and a decision on the merits the judgment rendered by the Comptroller should not be again opened.

But if the Comptroller, under section 19 (*supra*), could, on February 3, 1892, properly entertain the application of relator

420   PEOPLE ex rel. AMER. SURETY CO. v. CAMPBELL.

THIRD DEPARTMENT, MAY TERM, 1892.

and set aside his former decision, made on June 9, 1891, and re-open the matter for consideration, it does not appear that he ever exercised that power. He simply "*declined to make any revision or any readjustment*." He did not set aside the decree of June 9, 1891. *That judgment stands.* The relator moved, under section 19 (*supra*), to open the decree, and open the judgment hereinbefore rendered by the Comptroller on the merits of the case The Comptroller heard the motion and denied it, leaving the former judgment in full force. If the Comptroller could have re-opened the case, once decided by him, he was not bound to do so. It cannot be held that he is compelled to hear and review on the merits, on substantially the same state of facts, a motion to revise the taxes which he had once heard and passed upon. I think, therefore, that even if the Comptroller had the power, under section 19 (*supra*), to entertain and consider on its merits a second application to revise the tax which he had already passed upon, that he was not bound to do so and that the writ will not lie to review his determination in this regard. No mistakes or error of sufficient grounds were stated to open the judgment. It was an application on the merits, made upon substantially the same facts as presented on the application that had been already heard and passed upon. The Comptroller properly declined to set aside his former decision. If his determination can be reviewed, and on such review the propriety of the decision of June 9, 1891, can be considered by this court, the provisions of section 17 (*supra*), requiring *certiorari* to be applied for within thirty days, would have no force whatever.

We are, therefore, prevented from considering this case upon its merits; if we were permitted to do so, the question involved is an interesting one. I think the case differs from that of *People ex rel. Edison Electric-Light Company* v. *Wemple*, considered at the last term (63 Hun, 444). In that case we determined that a corporation located in this State, whose capital is invested in patent-rights extending over this and other countries, being engaged in the sale of such rights, although on such sale it received instead of money the stock of local corporations outside of the State of New York, nevertheless, employed its capital within this State.

But in this case the relator, a casualty insurance company doing business in other States, has deposited in Pennsylvania, in Canada

and Illinois a certain portion of its capital in connection with its business in those places. The only way that the capital of relator is used is as security to those doing business with it, and its claim is that that part of its capital which it places outside of the State for the purpose of enabling it to do business in such places is, in fact, capital used outside of the State, and cannot be deemed used within the State. The position is plausible. On the other hand, it is suggested that the property placed by the relator in Pennsylvania, Illinois and Canada, although a part of its capital, in fact, is merely deposited in those places, and is not, in any just sense, employed outside of the State. But, for the reason above suggested, this question is not properly before us, the relator having neglected to make application to review the action of the Comptroller within thirty days from the date of his decision.

The writ of *certiorari* should be quashed and the proceedings of the comptroller affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Writ of *certiorari* quashed and proceedings of Comptroller confirmed, with costs.