PEOPLE *ex rel.* AMERICAN SURETY CO. *v.* CAMPBELL, State Comptroller.

*(Supreme Court, General Term, Third Department.* July 2, 1892.)

1. TAXATION—ERRONEOUS ASSESSMENT—CERTIORARI.

Laws 1889, c. 463, § 19, which provides that "the comptroller may at any time revise and readjust any account theretofore settled against any corporation by himself," does not authorize him to revise his decision refusing to resettle an account theretofore settled by him; and a corporation, having failed to obtain a *certiorari* to review this settlement within 30 days after notice thereof, as required by Laws 1885, c. 501, cannot entitle itself to such writ by applying to the comptroller to review his decision.

2. SAME—DISCRETION OF COMPTROLLER.

Even if the comptroller had the power, under section 19, to entertain and consider on its merits a second application to revise the tax, he was not bound to do so; and *certiorari* will not lie to review his determination in that regard.

*Certiorari* on the relation of the American Surety Company to review a decision of Frank Campbell, comptroller of the state of New York. Writ quashed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*John J. Crawford,* for appellant. *Simon W. Rosendale,* Atty. Gen., for respondent.

PUTNAM, J. I think the writ of *certiorari* herein was improvidently granted. The relator seeks to review the decision of the comptroller, settling the tax on its capital for the year ending November 1, 1890, under chapter 542 of the Laws of 1880, as amended. These taxes were settled and stated by the comptroller on the 6th day of April, 1891, at $1,500. The relator thereafter made an application to the comptroller, under section 19 of the act of 1880, as amended in 1889, to review and correct said assessment. Said application was made on affidavits, and was entertained and considered by the comptroller, and on June 9, 1891, he rendered his decision denying said application. Under section 20 of the act of 1880, as amended by chapter 463 of the Laws of 1889, the decision of the comptroller can be reviewed by the supreme court upon *certiorari,* on the law and facts. By section 17 of the Laws of 1880, added by chapter 501 of the Laws of 1885, no such writ of *certiorari* shall be granted except application therefor shall be made within 30 days after service upon such corporation of a notice of such decision. Nor shall such writ be granted unless the papers upon which the motion therefor was made, including notice of motion, shall have been served upon the comptroller at least eight days before such notice, nor unless the corporation making such motion shall have filed with the comptroller an undertaking, etc. Without considering the fact that no notice of motion or copy of the affidavits or undertaking required by section 17, *supra,* has ever been served on the comptroller, in my judgment, the application for a writ of *certiorari* was not made in time. The contention of the relator is, although the comptroller had already heard and passed upon the application to revise and correct the taxes imposed April 6, 1891, and rendered his decision on such application June 9, 1891, and although the time to review said decision by *certiorari,* under section 17, had passed by, yet under said section 19[1] a new application may be made to the comptroller to revise the decision of

---

[1] This section provides that "the comptroller may at any time revise and readjust any account theretofore settled against any person, association, corporation, or joint stock company, by himself or any preceding comptroller, for taxes arising under this act, or the act to which it is an amendment, whenever it shall be made to appear by evidence submitted to him that the same has been illegally paid, or so made as to include taxes which could not have been lawfully demanded, and shall resettle the same according to the law and the facts, and charge or credit, as the case may require, the difference, if any, resulting from such revision and resettlement upon the current account of such person, association, corporation, or joint stock company." Laws 1889, c. 463.

June 9, 1891, and from his order declining to revise *certiorari* lies, under which the former ruling of the comptroller may be reviewed; in other words, that under section 19 the comptroller may repeatedly revise and readjust taxes. It would follow that after the decision of the present motion the relator might make a new application to the comptroller for a review, and, from his decision declining to review, *certiorari* would lie, under which could be reviewed all former orders. I do not think that such construction can properly be given to section 19. It was intended by that section to give to the comptroller the power to revise and readjust a tax by him previously imposed. But when any tax or account has been so revised and readjusted, and the comptroller has rendered his decision thereon, the power conferred by the said section is spent. The decision rendered by the comptroller on the application to revise and readjust a tax, I think, should have the force of a judgment rendered by a court. See *Osterhoudt* v. *Rigney*, 98 N. Y. 236. *People* v. *Barnes*, 114 N. Y. 326, 20 N. E. Rep. 609, and 21 N. E. Rep. 739. It is proper that parties should at some time after the imposition of the license tax have an opportunity to be heard by the comptroller; but after such a hearing, and a decision on the merits, the judgment rendered by the comptroller should not be again opened. But if the comptroller, under section 19, *supra*, could on February 3, 1892, properly entertain the application of relator, and set aside his former decision, made on June 9, 1891, and reopen the matter for consideration, it does not appear that he ever exercised that power. He simply "declined to make any revision or any readjustment." He did not set aside the decree of June 9, 1891. That judgment stands. The relator moved under section 19, *supra*, to open the decree and open the judgment hereinbefore rendered by the comptroller on the merits of the case. The comptroller heard the motion, and denied it, leaving the former judgment in full force. If the comptroller could have reopened the case once decided by him, he was not bound to do so. It cannot be held that he is compelled to hear and review on the merits, on substantially the same state of facts, a motion to revise the taxes, which he had once heard and passed upon. I think, therefore, that even if the comptroller had the power, under section 19, *supra*, to entertain and consider on its merits a second application to revise the tax which he had already passed upon, he was not bound to do so, and that the writ will not lie to review his determination in this regard. No mistakes or error or sufficient grounds were stated to open the judgment. It was an application on the merits, made upon substantially the same facts as presented on the application that had been already heard and passed upon. The comptroller properly declined to set aside his former decision. If his determination can be reviewed, and on such review the propriety of the order of June 9, 1891, can be considered by this court, the provisions of section 17, *supra*, requiring *certiorari* to be applied for within 30 days, would have no force whatever. We are therefore prevented from considering this case upon its merits. If we were permitted to do so, the question involved is an interesting one. I think the case differs from that of *People* v. *Wemple*, 18 N. Y. Supp. 511, (considered at the last term.) In that case we determined that a corporation located in this state, whose capital is invested in patent rights extending over this and other countries, being engaged in the sale of such rights, although on such sale it received, instead of money, the stock of local corporations, outside of the state of New York, nevertheless employed its capital within this state. But in this case the relator, a casualty insurance company, doing business in other states, has deposited in Pennsylvania, in Canada, and Illinois a certain portion of its capital in connection with its business in those places. The only way that the capital of relator is used is as security to those doing business with it; and its claim is that that part of its capital which it places outside of the state, for the purpose of enabling it to do business in such places, is in fact capital used outside of the

state, and cannot be deemed used within the state. The position is plausible. On the other hand, it is suggested that the property placed by the relator in Pennsylvania, Illinois, and Canada, although a part of its capital, in fact is merely deposited in those places, and is not in any just sense employed outside of the state. But for the reason above suggested, this question is not properly before us; the relator having neglected to make application to review the action of the comptroller within 30 days from the date of his decision. The writ of *certiorari* should be quashed, and the proceedings of the comptroller affirmed, with costs. All concur.