THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE DAVIS–COLBY ORE ROASTER COMPANY, RELATOR, v. FRANK CAMPBELL, COMPTROLLER OF THE STATE OF NEW YORK, DEFENDANT.

*Taxation — upon a franchise or business — a domestic corporation operating outside of the State — basis of the assessment against it.*

A domestic corporation, incorporated under chapter 40 of the Laws of 1848, stated, in its certificate of incorporation, that its principal place of business was to be in New York city and county, and that its operations were to be carried on there, and in such other places within and without the State, as its interests might determine.

PEOPLE ex rel. DAVIS–COLBY CO. *v.* CAMPBELL.  147

THIRD DEPARTMENT, NOVEMBER TERM, 1892.

In 1891 it moved its office for the transaction of business to Pennsylvania. In that year it did nothing within the State of New York, and carried on all its operations in Pennsylvania, although it had a bank account in a banking-house in New York city.

*Held*, that the tax upon its corporate franchise or business, imposed by chapter 542 of the Laws of 1880, and the acts amendatory thereof, could be levied only upon the amount of its bank account, as the rest of its capital was employed outside of this State.

CERTIORARI to review the proceedings and decision of the defend· ant Frank Campbell, as comptroller of the State of New York, in assessing, as alleged, illegally, the Davis-Colby Ore Roaster Company for State taxes for the year ending November 1, 1891.

*R. Burnham Moffat*, for the relator.

*Simon W. Rosendale*, attorney-general, for the defendant.

HERRICK, J. :

The relator is a corporation duly incorporated under the laws of the State of New York for the year 1848, chapter 40 ; its certificate of incorporation stated that its principal place of business was to remain in the city and county of New York, and that the operations of the company were to be carried on in the city and county of New York, and in such other places within and without the State of New York as the best interests· of the company might thereafter determine.

It was thus a domestic corporation and was liable to pay a tax upon its franchise and business, to be measured by the amount of ts capital stock found to be employed in this State. (*People ex rel. A. C. and D. Co.* v. *Wemple*, 129 N. Y., 558–562.) During the year 1891 it moved its office for the transaction of business to the State of Pennsylvania. It made no sales within the State of New York during that year ; it manufactured nothing within the State ; it occupied no premises, paid no rent, employed no men within the State during the year. It did no business inside of the State of New York during that time. It manufactured ore roasters, kept a bank account and employed servants and paid them outside of the State ; and business done outside of the State in that way constitutes no part of the capital stock employed within the State. (*People ex rel. S. T. C. Co.* v. *Wemple*, 133 N. Y., 323–328.)

The same thing, if done within the State by a corporation incorporated in some other State, would have constituted doing business within this State, and upon which such foreign corporation could have been taxed by this State. (*People ex rel. S. C. O. Co.* v. *Wemple*, 131 N. Y., 64; *People* v. *Horn Silver Mining Co.*, 105 id., 76.)

If, then, a portion of the capital stock was employed without the State of New York, certainly all of it could not have been employed within the State of New York, and yet the defendant has assessed the relator upon the full amount of its capital stock; this, I think, was error.

A portion of the capital stock being employed elsewhere, it could not be taxed as employed within this State.

It seems to me that, in determining the amount of capital stock employed in this State, the same principle applies to a domestic as to a foreign corporation. If a corporation has no property and no business within the State, then there is no basis upon which to compute the tax. (*People ex rel. S. T. C. Co.* v. *Wemple*, 133 N. Y., 323–329.)

There must be some property or business done within the State to justify a tax, and there must be some evidence to show how much capital is employed, and if there is such evidence the court will hesitate to disturb the finding of the comptroller; but that determination must be supported by some evidence, it must not be a purely arbitrary determination. Having seen that the determination of the Comptroller in taxing the entire capital stock of the relator was wrong, we must then see what evidence there is by which we can determine how much it should be taxed.

The evidence discloses no business done within this State, and the only property disclosed is the sum of $1,391.68 in money, deposited with a banking house in the city of New York. The amount in bank was held a proper basis for determining the tax in *People ex rel. A. C. and D. Co.* v. *Wemple* (129 N. Y., 558). How that money or any portion of it was paid out, or for what purpose, perhaps is of no consequence; whether any portion of it was used to pay past-due dividends, I do not think can be considered here as the case stands. The amount in the bank seems to be the only property that can be used as a basis to determine the amount of the

tax, and the tax upon that would be the sum of seven dollars and sixty-five cents.

The determination of the comptroller should be reversed, the tax upon the relator fixed at the sum of seven dollars and sixty-five cents, with fifty dollars costs and printing and other disbursements to the relator.

MAYHAM, P. J., concurred.

PUTNAM, J.:

I concur in the conclusion reached in foregoing opinion generally, but am not clear that relator might not be taxed for the two months of the fiscal year that the office was in the city of New York. (See *People ex rel. Edison Electric-Light Co.* v. *Wemple*, 18 N. Y. Supp., 511.)

Determination of the comptroller reversed, the tax upon relator fixed at the sum of seven dollars and sixty-five cents, with fifty dollars costs and printing and other disbursements to the relator.