PEOPLE ex rel. LACKAWANNA TRANSP. CO. v. KNIGHT, Comptroller.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. CORPORATION—FRANCHISE TAX—CAPITAL STOCK.
    The words "capital stock," as used in Tax Law, § 182, providing that domestic corporations shall pay a tax computed on the basis of their capital stock employed within the state, refers to the capital or property of such corporations, and not their share stock.

2. SAME—SHIPS IN INTERSTATE COMMERCE.
    Steamships owned by a domestic corporation, and steadily employed in interstate commerce, cannot be included for their full value in computing the franchise tax of the corporation, under Tax Law, § 184, providing that a domestic corporation shall pay a tax computed on the basis of its capital stock employed in the state; as such ships are not entirely employed in the state.

Certiorari by the people, on the relation of the Lackawanna Transportation Company, against Erastus C. Knight, as comptroller of the state, to review a tax assessment. Reversed.

Argued before PARKER, P. J., and KELLOGG, CHASE, and FURSMAN, JJ.

Rodgers, Locke & Milburn (Louis L. Babcock, of counsel), for relator.

John C. Davies, Atty. Gen., and Henry B. Coman, Dep. Atty. Gen., for respondent.

CHASE, J. The relator is a domestic corporation, and has its principal office in the town of Bettany, Genesee county, N. Y. It has a capital stock of $300,000, and for the year ending October 31, 1899, paid 23 per cent. dividends upon its said stock. During that year the relator did not own any real estate or terminal facilities within this state, and its only personal property, other than cash and office furniture, consisted of three vessels. These vessels did not run on any particular route, but were known as "tramp boats," and plied between the port of Buffalo and the ports of Chicago and Duluth, and between other ports on the Great Lakes. These boats carried grain and iron ore east, and coal west. No trips were made between any two ports in the state of New York, and it is conceded that the business of the relator was wholly of an interstate character. About three-fourths of the cargoes carried by the relator's vessels were shipped or received at the port of Buffalo, but less than 2 per cent. of the total mileage made by the three vessels so owned by the relator was made within the state of New York. The vessels remain for the winter wherever they happen to be at the close of navigation. The relator made a report for said year as provided by statute, and the comptroller audited and stated the account for taxes against the relator at the sum of $1,725, being one-quarter of a mill upon each dollar of the capital stock for each 1 per cent. of dividends declared by the relator during the year. This tax was imposed under section 182 of the tax law. An application was duly made to the comptroller to revise and readjust such account, and, after a hearing, he refused to revise or readjust the same, and a writ of certiorari was thereupon applied for and obtained to review such determination.

The comptroller did not impose a tax on the relator under section 184 of the tax law. That section expressly states that the gross earnings on which the tax therein provided is to be based "shall not include earnings derived from business of an interstate character." Section 182 of the tax law provides: "Every corporation * * * organized * * * by or pursuant to law in this state, shall pay to the state treasurer, annually, an annual tax to be computed upon the basis of the amount of its capital stock employed within this state. * * *" The words "capital stock," as used in that part of section 182 quoted, refer to the capital or property of the corporation, and not to the "share stock." In the case of a domestic corporation the purpose is to tax that intangible property belonging to it, which is frequently of great value, and rests wholly in its right to exist and carry on its business (People v. Knight, 67 App. Div. 333, 73 N. Y. Supp. 745); but the amount is "to be computed upon the basis of the amount of its capital stock employed within this state." The home office of a domestic corporation is the situs of personal property for the purpose of local taxation. The defendant contends that the words, "employed within this state," mean merely the legal situs of

the property of the corporation. Such, however, has not been the holding of the courts. The courts have frequently held, and the defendant admits, that a domestic corporation cannot be taxed under section 182 of the tax law for that part of its capital or property which is permanently outside of the state. People v. Campbell, 88 Hun, 544, 34 N. Y. Supp. 801; People v. Campbell, 74 Hun, 101, 26 N. Y. Supp. 462; People v. Roberts, 154 N. Y. 1, 47 N. E. 974; People v. Campbell, 66 Hun, 146, 21 N. Y. Supp. 7; People v. Roberts, 8 App. Div. 201, 40 N. Y. Supp. 417, affirmed 151 N. Y. 619, 45 N. E. 1134; People v. Morgan, 57 App. Div. 335, 68 N. Y. Supp. 21. Under the cases cited, if the three vessels of the relator were solely engaged in transporting freight between points outside of the state of New York that part of the capital or property of the corporation represented by such vessels could not be taxed under said law.

The only question for consideration in this case, therefore, is whether the fact that the vessels were entered at the port of Buffalo, and occasionally touched at ports within this state, and that about 2 per cent. of the mileage while engaged in such transportation business was within the boundaries of the state of New York, makes such vessels wholly "employed within this state," within the meaning of said section 182. An independent trip by either of said vessels between Cleveland and Duluth, or between other ports of the Great Lakes outside of the state of New York, would make such vessels, to the extent of the time so employed, wholly and continuously without the state. The vessels were employed in a series of independent trips, based upon independent contracts of employment. Each employment was either for transportation wholly without the state or partly without the state, and such part or proportion is easily ascertainable. The record presents a case entirely different from one where vessels occasionally depart from the state as a mere incident to the main business within the state.

We do not see any distinction in principle between a case where property is employed continuously without the state and a case where property is in good faith employed without the state for a distinct part of the time or for a distinct portion of its mileage. See Com. v. Delaware, L. & W. R. Co., 145 Pa. 96, 22 Atl. 157; Maine v. Grand Trunk R. Co., 142 U. S. 217, 12 Sup. Ct. 163, 35 L. Ed. 994; Cable Co. v. Adams, 155 U. S. 688, 15 Sup. Ct. 360, 39 L. Ed. 311; Pullman's Palace Car Co. v. Pennsylvania, 141 U. S. 18, 11 Sup. Ct. 876, 35 L. Ed. 613.

The determination of the comptroller should be reversed, with $50 costs and disbursements, and the matter remitted to him for readjustment of the tax. All concur.