JOHN A. LOWELL *vs.* STREET COMMISSIONERS OF BOSTON.

Damages to which a landowner is entitled for the taking of his land for the alteration of a highway under the St. of 1866, c. 174, are not a debt for which he is taxable under the Gen. Sts. c. 11, §§ 2, 4, before they have become fixed and receivable.

PETITION for a writ of *certiorari* to quash proceedings of the street commissioners of Boston sustaining a refusal of the assessors of that city to abate a tax assessed against the petitioner as trustee under the will of Francis Amory. By the petition and answer, on which the chief justice reserved the case for the determination of the full court, these facts appeared:

Before May 1, 1870, the city of Boston, under the St. of 1866, c. 174, took a parcel of the petitioner's land to widen Hanover Street; and the petitioner has a suit pending against the city, in the superior court, for the assessment of his damages by a jury.

On May 1, 1870, the assessors of Boston assessed the petitioner's said claim for damages at a valuation of $75,000, and laid a tax of $1147.50 thereon, and included this tax in a tax-bill presented to the petitioner under date of October 1, 1870.

On December 7, 1870, the petitioner applied to the assessors for an abatement of this tax, which they refused; whereupon he made complaint of the refusal to the mayor and aldermen, by whom it was subsequently transferred to the street commissioners

for hearing and determination; and the street commissioners, after a hearing, determined that he was not entitled to an abatement, and dismissed his complaint.

*T. H. Sweetser & W. S. Gardner*, for the petitioner.

*J. P. Healy & J. L. Stackpole*, for the respondents. It must be assumed, that the aldermen of Boston, before May 1, 1870, duly assessed the damages sustained by the petitioner by the widening of Hanover Street; and that he applied for a jury by a petition to the superior court, which had been filed but not heard before that day. Gen. Sts. *c.* 43, §§ 77, 79.

The petitioner was owner of real estate; and by exercise of the right of eminent domain it has been converted into a chose in action or debt, which the city is obligated by law to pay him. His property is in no way diminished. He holds on May 1, as personalty, what he formerly held as realty. His contribution to the public support in the way of taxes should not be diminished. Neither the method in which the obligation of the city may be enforced, nor the amount or value of the obligation, is contested by him. By the judgment of the aldermen establishing and locating the alteration of the highway, the rights of the parties were fixed and vested, and the petitioner's right to compensation became complete. The city acquired an easement; and what remains to the petitioner is, the reversion, and the obligation of the city to pay him for the easement. *Harrington* v. *County Commissioners*, 22 Pick. 263. *Hallock* v. *Franklin*, 2 Met. 558, 559.

It is statute law that "all property, real and personal, of the inhabitants of this state, not expressly exempted by law, shall be subject to taxation." Gen. Sts. *c.* 11, § 2. This is the "general policy of the law." *Smith* v. *Northampton Bank*, 4 Cush. 1, 12. Such being the general policy of the law, the right of taxation in this case is designated in § 4, in this language: "Other debts due the persons to be taxed more than they are indebted or pay interest for." Construing this with § 2, it is clear that the term "debt" should be construed in its widest signification, and that this is a debt. St. of Merton; 2 Inst. 89. 3 Bl. Com. 158, 159. *Bremner* v. *Campbell*, 1 Bell's Appeal Cas. 280, 295. The word "debt" is regarded by this court as of "large import."

*Gray* v. *Bennett*, 3 Met. 522, 526. That the debt is "unliqui-dated" makes it no less a debt. *Mill Dam Foundery* v. *Hovey*, 21 Pick. 417. *Wright* v. *Fairfield*, 2 B. & Ad. 727. *Bemis* v. *Aldermen of Boston*, 14 Allen, 366. *Johnson* v. *Spiller*, 1 Dougl. 167. A contrary construction would not only relieve much property from taxation, pending proceedings for improvement of the city, but encourage evasion of taxes. An award of damages having been made by the city, the claim becomes, so far as the city is concerned, an obligation for which an action of contract will lie. *Shaw* v. *Charlestown*, 3 Allen, 538. So far as the obligor is concerned, the debt is certain and liquidated. It is in the power, however, of the obligee, by appealing, to vacate the award; and if his position in this proceeding is correct, by further litigating the matter he may escape taxation for a considerable period, while upon a final judgment he will recover his debt with interest from the time of the taking. It can hardly be doubted that if no appeal had been taken by the petitioner, and May 1 had intervened between the date of the award and the date of payment, there would be a debt for which the petitioner would be taxable under the statute. That being so, and the obligation binding and being liquidated as to the city, is it permissible for the other party, at his option, by his own act, to exempt this debt from taxation?

It is not alleged that a betterment had been assessed. And if one had been assessed, it would simply have gone to the amount, not to the principle. It would merely have been claimed as a set-off *pro tanto*. But had one existed, there is no provision for setting off the damage to the estate against the betterment. The statute makes them separate proceedings, to be separately tried, and dependent on separate principles. *Dorgan* v. *Boston*, 12 Allen, 223, 233. *Peirce* v. *Boston*, 3 Met. 520.

AMES, J. The claim for compensation for land damages, upon which this tax was laid, was uncertain in amount. It is to be submitted to a jury, which may increase or diminish the amount awarded by the city; and for this reason, as well as from its special character, it is not a debt technically, or in the sense of that term as used in pleading and in legal proceedings. *Fellows* v

*Duncan*, 13 Met. 332. Even when made certain by a verdict accepted, it does not represent the true amount of the conversion of real estate of the owner into personal. It cannot therefore be taken as a proper measure of his ratable capacity.

Under the St. of 1866, *c.* 174, the damages to the landowner are estimated without any deduction for benefits to be received by reason of increased value of the remaining land in consequence of the improvement. But as one of the incidents of the proceedings, any such benefits may be estimated, and the expenses of the improvement, including the damages so assessed, may be levied upon the remaining land, to the extent of one half of the amount of such benefits. Although the damages are awarded and payable independently of the liability to the subsequent assessment, yet practically, as the latter is made a lien upon the remaining estate, it operates as a counter-claim or set-off, reducing the actual compensation made to the owner of the land taken. It may absorb it entirely.

In assessing land for the purposes of taxation, no allowance is made for any liens or incumbrances that may exist upon it. If therefore the remaining land should be assessed for its full increased value, as it is liable to be, and the estimated damages payable to the landowner should also be included in his valuation as so much additional personal estate, the result would be that the owner might find the estimate of the taxable estate largely increased, without any corresponding increase of his actual possessions.

The effect is especially apparent in the case of a trust investment like the present. So long as the land not taken by the city is held bound by a statute lien, which may require the repayment, by way of an assessment of the expenses, of a part or the whole of the amount awarded as damages, the trust fund cannot be regarded as enlarged by the amount so awarded, nor can it be held to have been to that extent converted into personal estate.

We are of opinion, therefore, that, until the damages to which a landholder is entitled under the St. of 1866, *c.* 174, have become fixed and receivable as his absolute personal estate, they do not constitute a debt liable to be included in his ratable estate, under the Gen. Sts. *c.* 11, §§ 2, 4.                    *Writ to issue.*