*H. K. Braley & M. G. B. Swift*, for the defendant.

---

THOMAS H. DEANE *vs.* GUILFORD H. HATHAWAY, administrator.

Bristol. Oct. 25. — Nov. 30, 1883. FIELD & W. ALLEN, JJ., absent.

When the original assessment of a tax is valid, its reassessment is void.

Under the Pub. Sts. c. 11, § 4, providing that personal property, for the purposes of taxation, shall include " debts due the persons to be taxed more than they are indebted or pay interest for," a tax upon a debt due from an intestate is properly assessed to the creditor, although the amount is in dispute, if it is conceded by the administrator to be as much as that taxed, and is finally compromised, by authority of the Probate Court, by the payment of a larger sum.

CONTRACT, by the collector of taxes of Somerset, to recover of the administrator of the estate of Joseph Marble certain

taxes assessed to him as such administrator in 1882. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, upon agreed facts, in substance as follows:

Joseph Marble died in January, 1880, and the defendant was appointed administrator on March 6, 1880. There was a large amount of personal property belonging to the estate.

Soon after the appointment of the defendant as administrator, one William H. H. Dearden presented to him a claim of about $23,000, for services rendered for nineteen or twenty years to the intestate. This claim was disputed by the defendant, and suit was brought thereon by Dearden in February, 1882. The claim was finally compromised by the defendant, by authority of the Probate Court, for $13,100, which amount was paid to Dearden by the defendant.

George R. Dearden, as administrator of the estate of Mary R. Dearden, presented to the defendant a claim for upwards of' $7000. This included an amount alleged to be due ·on a certain note for $500 and interest amounting to upwards of $2000, and a bond in the penal sum of $1000, signed by the intestate, and payable to Mary R. Dearden, and other claims. This claim was finally settled also, by leave of the Probate Court, by the payment of about $3500 to George R. Dearden as administrator, in full for all demands by the estate represented by him against the estate of Joseph Marble.

In 1881, the defendant, as administrator of Joseph Marble's estate, rendered to the assessors a list, and deducted from the cash and securities $12,000, as due William H. H. Dearden and $3000, as due George R. Dearden, administrator. The assessors for that year assessed William H. H. Dearden for $12,000 on accounts, and George R. Dearden, administrator, for $3000 as a debt due the estate of Mary R. Dearden.

Afterwards, the assessors for 1882 abated the above assessments to William H. H. Dearden and George R. Dearden, administrator, and duly reassessed them to the defendant as administrator, and duly committed the same, in October, 1882, to the plaintiff, who was collector of taxes for the time being, for collection. Afterwards, the plaintiff made due demand on the defendant, before bringing suit, for payment of the tax so

assessed, and the defendant declined to pay, on the ground that the deductions aforesaid were legally and properly made, and that he was not legally liable therefor.

The defendant made a return to the assessors in 1882, in which he called the amount due William H. H. Dearden $8000. The sum paid to George R. Dearden, administrator, in settlement, was paid in the fall of 1881. Nothing was paid by the defendant to William H. H. Dearden until February or March, 1883, when the amount agreed on, $13,100, was paid to him. The defendant, as administrator, offered to William H. H. Dearden $12,000 in settlement several times, and said to him that, when he was ready to accept it, he would get leave of the Probate Court to pay it. Dearden declined to accept it, claiming more. The defendant also offered to George R. Dearden, administrator, $3000 in settlement, and told him he would get permission of the Probate Court to pay it, if he would accept it; but he declined to take it. These offers were made many times before the defendant made his list to the assessors in 1881.

Neither the defendant, nor William H. H. Dearden, nor George R. Dearden, administrator, filed any sworn statement of his taxable property with the assessors for January, 1881. The Deardens severally applied in writing for an abatement of the taxes aforesaid, and the assessors, after due hearing, refused to abate either tax; and no appeal was taken by either of them from said decision.

The assessors for 1882 were an entirely new board from that of 1881. At the time of the settlement with William H. H. Dearden, suit was pending in his favor against the defendant to recover the amount claimed by him.

The tax on the $12,000 reassessed to the defendant is $144, and that on the $3000 is $36, or $180 in all, and the taxes assessed severally to William H. H. Dearden and George R. Dearden, administrator, were the same amounts.

The Deardens talked the matter over with the assessors for 1882, disputing their liability to pay said taxes, and contended that the amounts assessed to them as above should be assessed to the defendant, but made no written application to the board; and the assessors thereafter abated and reassessed said taxes (as previously stated) under the Pub. Sts. *c.* 11, § 79. The assessors

for 1881 and 1882 gave the notice mentioned in the Pub.
Sts. *c.* 11, § 73.

*J. M. Morton*, for the plaintiff.

*H. K. Braley*, for the defendant.

DEVENS, J.   If the original assessment to William H. H.
Dearden, in 1881, of $12,000, for the debt due from the estate
of Marble, was valid, the action of the assessors in 1882, in re-
assessing the tax to the defendant, the administrator of Marble,
was unauthorized and void.   *Oakham* v. *Hall*, 112 Mass. 535.
In describing the personal property which is liable to taxation,
it is provided that it shall include "money at interest, and other
debts due the persons to be taxed more than they are indebted
or pay interest for."   Pub. Sts. *c.* 11, § 4.

Dearden had a claim for services rendered during nineteen or
twenty years to this estate, upon which he demanded $23,000,
which was finally compromised, by authority of the Probate
Court, by the payment to him of $13,100.   It is contended that,
as the claim was not for a definite and specific sum due by ex-
press agreement, but an unliquidated claim, the amount of which
could only be ascertained by determining the value of Dearden's
services, it was not a debt within the meaning of the statute
relating to taxation.   This construction of the statute is not
satisfactory.   A claim is not the less a debt because the exact
amount due cannot be, at the time of the assessment, ascer-
tained with mathematical accuracy.   The difficulty of deter-
mining its value is not greater, probably, than that which attends
the valuation of other property ; and, if it be too highly rated,
the same remedies exist that are found in other cases of over-
valuation.   So far as a debt is admitted by the debtor, at any
rate, (as was the sum of $12,000 assessed to Dearden,) it cer-
tainly must be an appropriate subject of taxation.   It cannot
become otherwise because the creditor claims more than is ad-
mitted, and thus himself introduces an element of uncertainty.
The words "other debts due the persons to be taxed," when
used in connection with the words "more than they are indebted
or pay interest for," contemplate an estimate of the financial
position of the person to be taxed, before deciding that he is
liable as a creditor to this tax, and also the extent to which he
is thus liable.

The plaintiff relies upon *Lowell* v. *Street Commissioners*, 106 Mass. 540, where it is held that a claim for land damages, when a road has been laid out and the right to damages has accrued, is not taxable to the owner until the damages become fixed and receivable as his absolute personal property. The reason of this is that, until that time, the true amount of the conversion of the real estate of the owner into personal cannot be ascertained, as it may be subjected to the repayment by way of an assessment for expenses of the whole amount awarded as damages. As the land damages might thus be absorbed entirely, there could be no debt until it was ascertained that this would not happen.

In the case at bar, there was no dispute that a debt was due; all that was disputed was the amount, and that was conceded to be as much as was assessed to Dearden. The tax upon $12,000 was therefore rightly assessed to William H. H. Dearden.

The assessment to George R. Dearden requires no separate consideration. It was rightfully assessed, for the reasons already given.                                    *Judgment affirmed.*