THE PEOPLE, ex rel. WILLIAM H. OSGOOD et al., Executors, etc., Appellants, v. THE COMMISSIONERS OF TAXES AND ASSESSMENTS FOR THE CITY AND COUNTY OF NEW YORK, Respondent.

It is essential to the support of a claim to reduce or nullify an assessment made by the proper officers, that it should be made to appear affirma-

tively by sufficient proof, that the assessment is in part or in whole erroneous. If the evidence leaves the matter in doubt it is the province of the assessor to determine the value and amount of property liable to taxation.

To entitle an estate to the benefit of the provision of the statute, authorizing a deduction from an assessment, for personal property held by an executor, because of just debts due from him in such representative character (1 R. S. 391, § 10), he must show the existence of legal, valid and incontestible obligations against the estate.

Where, therefore, upon application of executors to strike out an assessment, it was conceded that they had in their hands the amount to which the assessment was reduced, which was retained by them on settlement of their accounts, by order of the surrogate, " for the payment of disputed and other claims and the further expenses of administration," and the applicant's affidavit showed that there were unpaid claims against the estate exceeding the amount of assets in their hands, which claims, however, were contested by the executors, and it did not appear that their validity had been established. *Held*, that the application was properly denied by the assessors.

(Argued April 28, 1885 ; decided May 5, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made January 9, 1885, which affirmed the decision of the defendants, the commissioners of taxes and assessments in the city of New York, in assessing the relators.

The relators were originally assessed for the year 1884 in the sum of $650,000 for personal estate held by them as executors, etc., of George A. Osgood, deceased. In February, 1884, they made application to the respondents for a correction of the assessment, and demanded that the same should be canceled. In support of the application an affidavit was submitted in which it was stated that in December, 1883, they had accounted to the surrogate, and that a decree had been made upon such accounting, and that prior to the 31st of December, 1883, in accordance with a decree of the surrogate, the entire estate of the deceased was paid over to the persons entitled to it, with the exception of the sum of $484,268.61, which remained deposited in trust companies and banks, in accordance with a provision of the decree mentioned, as follows : " It is further

adjudged that the residue of the said estate remain in the hands of the said executor and executrix subject to the further order of this court, reserved for the payment of disputed and other claims, and the further expenses of administration."

It was also stated in the affidavit that the debts presented against the estate exceeded the said sum, which debts, however, rested upon claims contested.

The assessors reduced the assessment to the amount so conceded to be in the hands of the executors, and as to that amount confirmed it.

*John M. Bowers* for appellants.   A person assessed as trustee, guardian, executor or administrator is entitled to have deducted all debts due from him in his representative capacity. (2 R. S. [7th ed.] 991, § 10; *People, ex rel.* v. *Board of Assessors*, 40 N. Y. 155.)   The allegation in the petition that the debts presented against the estate, for the payment of which the said balance was held, exceed the sum of $500,000, entitled the relators to the relief asked for.   (Code of Civ. Pro., § 2514; Bouv. Law Dic.)   The relators are entitled to a liberal construction of the statute.   (*People, ex rel.* v. *Assessors*, 88 N. Y. 142.)

*D. J. Dean* for respondent.

Ruger, Ch. J.   The relators sought in this proceeding to review the determination of the defendant in assessing them for taxation, in the year 1884, upon a certain amount of personal property held by them as executors, etc.

It was conceded that the defendants had in their possession the sum of $484,268.61 unexpended, but retained by the order of the surrogate, on settlement of their accounts "for the payment of disputed and other claims, and the further expenses of administration."   The relators, upon an affidavit, showing that there were unpaid claims made against the estate exceeding the amount of assets and that, in consequence thereof, the executors had no personal property of said estate in their hands subject to taxation, applied to the

defendants to omit said estate altogether from their assessment-rolls. This the commissioners declined to do, but reduced the amount of said assessment to the sum admitted to be in the hands of the executors, and as to that amount confirmed it. Upon a return to a *certiorari* obtained by the relators, these facts appearing, the General Term affirmed the proceedings of the commissioners, and from their determination this appeal is taken to this court.

It is provided by statute that personal property held by an executor or administrator, in his representative character, shall be assessed to him, personally, in the town or ward where he resides. (2 R. S. [7th ed.] 989, § 5.) He is, however, entitled to have deducted from the aggregate of such property any just debts owing by him in his representative character. (2 R. S. [7th ed.] 991, § 10.)

The proof submitted by the relators to the defendants failed to show that there were any debts owing by them entitled to be deducted from the assessment. Claims, it is true, had been made against the estate to a large amount, but they were contested by the executors, and their validity had never been admitted or established. The nature of these claims did not appear, and the commissioners had no other means of determining their validity than the allegations of the relators, which impliedly alleged their invalidity. It is essential to the support of a claim to reduce or nullify an assessment made by the proper officers that it should be made to appear affirmatively by sufficient proof that such assessment is in part, or as a whole, erroneous. (*People, ex rel. Westchester Fire Ins. Co.*, v. *Davenport et al.*, 91 N. Y. 581.) If the evidence fails to show this, or leaves the matter in doubt, it is the province of the assessors to determine the value and amount of the property liable to taxation.

Such a case is presented here. The proof, so far from showing that any just debts were owing by the estate, controverted it, and indeed impliedly affirmed that no valid claim existed against it. The use of the term "just debts" in the statute plainly implies that legal, valid and uncontestable obligations

must be shown in order to entitle an estate to the benefit of the statute. No such claim to exemption was established by this proof, and the order should be affirmed.

All concur.

Order affirmed.