PEOPLE ex rel. LYON et al. v. HALSTED et al.

(Supreme Court, Appellate Division, Second Department.   February 11, 1898.)

1. TAXATION—PROPERTY SUBJECT.
    The claim of an owner of land, acquired by the city of New York under Laws 1883, c. 490, for compensation, is a thing in action, within the meaning of subdivision 4 of section 2 of the "Tax Law" (Laws 1896, c. 908), and hence constitutes a property right subject to taxation.

2. SAME—LISTING BY ASSESSORS.
    It seems that, until an award is made, the amount of such a claim and its value is too indefinite to justify the assessors in listing it.

3. SAME.
    When, however, the commissioners have awarded a specified sum, and their report and award have been confirmed, and the amount has been deposited in a trust company to the owner's credit, the assessors are justified in determining that his right to compensation is of the value of at least that sum, even though he has appealed from the order, claiming the award to be inadequate.

Appeal from special term.

Certiorari by the people, on the relation of William P. Lyon and Jere M. Lyon, against Joseph H. Halsted and others, assessors of the town of Bedford.   From an order dismissing the writ, plaintiffs appeal.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William P. Fiero, for appellants.
Charles Haines, for respondents.

CULLEN, J.   This is a certiorari to review an assessment of the personal property of the relators for the purpose of taxation.   The relators owned certain real estate in the county of Westchester, which was acquired by the city of New York, under the provisions of chapter 490 of the Laws of 1883, for the purpose of an increased supply of pure and wholesome water to that city.   In 1896 commissioners of appraisal made an award to the relators of $10,000 for the land so taken from them.   The report and award were confirmed.   From that order the relators have taken an appeal, which is still pending, claiming that the amount of the award was insufficient.   Upon the confirmation of the report the relators declined to accept the award, which amount was deposited in a trust company to the relators' credit.   The assessors, in their assessment, have charged the relators with the ownership of this sum of $10,000, and to review the propriety of such action this proceeding was taken.

I think the action of the assessors was clearly right.   By section 10 of the statute already cited, the title to the lands sought to be acquired vested in the city of New York upon the filing of the oath of the commissioners of appraisal.   Therefore, long anterior even to the time when the award was made, the relators had been devested of their real estate, and acquired in lieu thereof a claim for damages against the city of New York.   By subdivision 4, § 2, of the tax law of 1896 (chapter 908), personal estate and personal property are de-

fined to include "chattels, money, things in action, debts due from solvent debtors, whether on account, contract, note, bond, or mortgage; debts and obligations for the payment of money due or owing to persons residing within this state, however secured or wherever such securities shall be held," etc. There can be no question that the right of the relators to compensation for the lands of which they had been deprived was a thing in action. A chose in action is a personal right, not reduced to possession, but recoverable by suit at law. 2 Kent, Comm. 351; 1 Burrill, Law Dict. 288. "The term 'chose in action' is one of comprehensive import. It includes the infinite variety of contracts, covenants, and promises which confer on one party a right to recover a personal chattel or a sum of money from another, by action." Sheldon v. Sill, 8 How. 441. "The statute, by 'choses in action,' refers to a particular species of property, recognized by the law, and which, upon the death of the owner, would be inventoried as such by his legal representatives." Dry Dock Bank v. American Life Insurance & Trust Co., 3 N. Y. 356. Certainly, upon the death of the relators before receiving compensation, their rights would pass to their personal representatives as part of their personal estates. Therefore, we are of opinion that, even before the award was made, there was a property right which, under our laws, is subject to taxation. It is probable that, until the award was made, the amount of the claim and its value was too uncertain to justify the assessors in listing it. But the commissioners have awarded the relators the sum of $10,000, the city has acquiesced in that award, and the relators alone have appealed from it, on the ground that it is inadequate. We think this justified the assessors in determining that the right of the relators to compensation was of the value of at least $10,000.

There is nothing in the case of People v. Tax Com'rs, 99 N. Y. 154, 1 N. E. 401, in conflict with these views. There it was held that the executors were not entitled to deduct, for the purpose of taxation, from the estate held by them, the amount of claims against the estate which were disputed and contested. In that case the nature of those claims was not shown before the commissioners of assessments, who had no other means of determining their validity than the allegations of the executors that they were invalid. It was held that the burden of proof was upon the executors to show that the assessment was erroneous, and that, on failure to prove that the claims made against them could be successfully maintained, they were not entitled to deduct their amounts. In the case before us the claim of the relators against the city of New York is indisputable, and is in controversy, not as to its existence, but only as to its amount. As already stated, the legal proceedings thus far have at least established the prima facie value of the claim.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.