The PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM P. LYON and JERE M. LYON, Appellants, *v.* JOSEPH W. HALSTED and Others, Assessors of the Town of Bedford, Respondents.

*Assessment for taxation — an award, made in condemnation proceedings, under chapter 490 of 1883, refused by owners as inadequate and deposited in a trust company to their credit.*

The owners of lands, taken by the city of New York in condemnation proceedings instituted under chapter 490 of the Laws of 1883, by section 10 of which the title vested in the city upon the filing of the oath of the commissioners of appraisal, refused to accept an award of $10,000, upon the ground of its inadequacy, and the money was deposited in a trust company to the credit of

the owners, who took an appeal to the Appellate Division from the order confirming the report of the commissioners.

*Held*, that the town assessors were justified, under subdivision 4 of section 2 of the Tax Law (Laws of 1896, chap. 908), in assessing the owners upon the $10,000 so deposited.

APPEAL by the relators, William P. Lyon and another, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 22d day of November, 1897, dismissing a writ of certiorari issued to review the proceedings of the respondents, the board of assessors of the town of Bedford, Westchester county, N. Y.

*William P. Fiero*, for the appellants.

*Charles Haines*, for the respondents.

CULLEN, J.:

This is a certiorari to review an assessment of the personal property of the relators for the purpose of taxation. The relators owned certain real estate in the county of Westchester, which was acquired by the city of New York under the provisions of chapter 490 of the Laws of 1883, for the purpose of supplying an increased supply of pure and wholesome water to that city. In 1896 commissioners of appraisal made an award to the relators of $10,000 for the land so taken from them. The report and award were confirmed. From that order the relators have taken an appeal, which is still pending, claiming that the amount of the award was insufficient. (See *ante*, 314.) Upon the confirmation of the report the relators declined to accept the award, which amount was deposited in a trust company to the relators' credit. The assessors in their assessment have charged the relators with the ownership of this sum of $10,000, and to review the propriety of such action this proceeding was taken.

I think the action of the assessors was clearly right. By section 10 of the statute already cited, the title to the lands sought to be acquired vested in the city of New York upon the filing of the oath of the commissioners of appraisal. Therefore, long anterior even to the time when the award was made the relators had been divested of their real estate, and acquired in lieu thereof a claim for damages against the city of New York. By subdivision 4, section 2 of the

Tax Law of 1896 (Chap. 908), personal estate and personal property are defined to include " chattels, money, *things in action*, debts due from solvent debtors, whether on account, contract, note, bond or mortgage, debts and obligations for the payment of money due or owing to persons residing within this State, however secured, or wherever such securities shall be held," etc.    There can be no question that the right of the relators to compensation for the lands of which they had been deprived was a thing in action.    A chose in action is a personal right, not reduced to possession, but recoverable by suit at law.    (2 Kent's Com. 351; 1 Burrill's Law Dict. 288.) " The term ' chose in action' is one of comprehensive import.    It includes the infinite variety of contracts, covenants and promises which confer on one party a right to recover a personal chattel or a sum of money from another by action."    (*Sheldon* v. *Sill*, 8 How. [U. S.] 449.)    " The statute, by ' choses in action,' refers to a particular species of property recognized by the law, and which, upon the death of the owner, would be inventoried as such by his legal representatives."    (*Dry Dock Bank* v. *American Life Ins. & Trust Co.*, 3 N. Y. 356.)    Certainly, upon the death of the relators before receiving compensation, their rights would pass to their personal representatives as part of their personal estates.    Therefore, we are of opinion that even before the award was made there was a property right which under our laws is subject to taxation.    It is probable that until the award was made the amount of the claim and its value was too uncertain to justify the assessors in listing it.    But the commissioners have awarded the relators the sum of $10,000; the city has acquiesced in that award, and the relators alone have appealed from it on the ground that it is inadequate.    We think this justified the assessors in determining that the right of the relators to compensation was of the value of at least $10,000.

There is nothing in the case of *The People ex rel. Osgood* v. *Commissioners* (99 N. Y. 154) in conflict with these views.    There it was held that the executors were not entitled to deduct, for the purpose of taxation, from the estate held by them the amount of claims against the estate which were disputed and contested.    In that case the nature of those claims was not shown before the commissioners of assessments, who had no other means of determining their validity than the allegations of the executors that they were

invalid.   It was held that the burden of proof was upon the executors to show that the assessment was erroneous, and that on failure to prove that the claims made against them could be successfully maintained they were not entitled to deduct their amounts.   In the case before us the claim of the relators against the city of New York is indisputable and is in controversy, not as to its existence, but only as to its amount.   As already stated, the legal proceedings thus far have at least established the *prima facie* value of the claim.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.