LAURA L. POWERS, administratrix, *vs.* CITY OF WORCESTER.

Worcester.    October 3, 1911. — January 3, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Tax*, Assessment.    *Statute*, Construction.    *Estoppel*.    *Words*, "Debt."

A claim for damages for real estate taken for highway purposes under a statute providing for the abolition of certain grade crossings, to recover which a petition for an assessment by a jury is pending, is not taxable as a debt under St. 1909, c. 490, Part I, § 4, cl. 2, providing for the taxation of " other debts due the person to be taxed more than he is indebted or pays interest for."

The rule, that a claim for land damages is not a debt within the meaning of our tax statutes until it becomes fixed and receivable, having been established by the decisions of this court during a period of forty years, and, although many changes have been made in the laws relating to taxation, the phrase " other debts due the persons to be taxed more than they are indebted or pay interest for," as used in Gen. Sts. c. 11, § 4, having remained and being found in substance in St. 1909, c. 490, Part I, § 4, cl. 2, it must be held that, in using the word " debts " in this phrase in the various codifications in the same connection as before, the Legislature adopted the interpretation given to it by the decisions of this court as not including such unliquidated claims for damages.

Upon an appeal from a refusal of the assessors of a city to abate a tax, where it appears that the tax was assessed wrongfully upon a pending unliquidated claim of the petitioner for land damages, which was not taxable as a debt under St. 1909, c. 490, Part I, § 4, cl. 2, the fact that the petitioner under protest had included the claim, when its amount had been fixed by a settlement, in a list filed by him on the May 13 after the April 1, as of which the tax was assessed, does not estop him from claiming an abatement, the rights of the parties being determined by the situation of affairs on April 1.

PETITION, filed in the Superior Court on February 6, 1911, appealing from the refusal of the assessors of the city of Worcester to abate a tax of $278.80 assessed as of April 1, 1910, on a claim of the petitioner for damages for land taken for highway purposes in carrying out a decree of the Superior Court confirming a report of commissioners appointed under St. 1900, c. 387, relating to the abolition of certain grade crossings in Worcester.

In the Superior Court the case was submitted to *Sanderson*, J., upon an agreed statement of facts, which included the following:

On April 1, 1910, the petition for the land damages in question still was pending in the Superior Court. On May 10, 1910, a settlement was made, out of court, between the city and the

petitioner and an agreement for judgment was filed. On May 24, 1910, the city paid the petitioner the amount specified in the agreement, which was $18,750.

The petitioner, as administratrix of the estate of Frank E. Powers, on May 13, 1910, which was within the time required by law, filed with the assessors of the respondent a list of the property of her intestate containing the following item, which was inserted by the assessors: "Due from city less bills for same $17,000." This represented the claim set forth above for the amount of land taken and damage to remaining land pending in the Superior Court on April 1, 1910, and was returned by the petitioner under protest on the ground that it was not taxable. The assessors for the financial year beginning April 1, 1910, assessed a tax to the petitioner including a tax of $278.80 on the item above set forth, which was paid by the petitioner on October 10, 1910, under a protest in writing. Within the time required by law the petitioner filed a petition for an abatement of the tax with the assessors, who made an order refusing the abatement, from which the petitioner, within the time required by law, appealed to the Superior Court by filing this petition.

If upon the agreed facts the petitioner's claim for damages pending against the city on April 1, 1910, was not taxable to the petitioner on that date, judgment was to be entered for the petitioner in the sum of $278.80 with interest from October 10, 1910. If the claim for damages was taxable to the petitioner, judgment was to be entered for the respondent.

The judge found for the respondent; and from the judgment entered in accordance with that finding the petitioner appealed.

The case was submitted on briefs.

*C. M. Thayer & J. O. Sibley,* for the petitioner.

*E. H. Vaughan & C. S. Anderson,* for the respondent.

HAMMOND, J. A part of a piece of real estate owned by the petitioner's intestate was taken for highway purposes under St. 1900, c. 387; and the question is whether the statutory liability of the respondent to pay to the landowner the damages caused by such taking, the petition for the assessment thereof by a jury being still pending, is a "debt" due the landowner within the meaning of the general tax statute which provides that personal property for the purposes of taxation shall include " other debts

due the person to be taxed more than he is indebted or pays interest for." St. 1909, c. 490, Part I, § 4, cl. 2. The damages for land taken under the first named statute are to be assessed in the manner provided in the general statutes for the taking of land for highways. St. 1890, c. 428. St. 1900, c. 387. St. 1909, c. 490, Part I, § 4, cl. 2.·

In *Fellows* v. *Duncan*, 13 Met. 332, it was held that the order of a city council, upon laying out a street, that a certain sum should be paid as damages for land taken does not establish the relation of debtor and creditor between the landowner and the city so that the latter could be held as trustee of the former under Rev. Sts. c. 109, § 4, Shaw, C. J., saying " it was not a debt due." In *Lowell* v. *Street Commissioners*, 106 Mass. 540, it was held that· the damages to which a landowner was entitled for the taking of his land for the alteration of a highway under St. 1866, c. 174, were not a debt for which he was taxable under Gen. Sts. c. 11, §§ 2, 4 (the language of which so far as material to the question under consideration is identical with that of St. 1909 aforesaid), before said damages have become fixed and irrevocable. In giving the opinion Ames, J., says : " The claim for compensation for land damages, upon which this tax was laid, was uncertain in amount. It is to be submitted to a jury, which may increase or diminish the amount awarded by the city ; and for this reason, as well as from its special character, it is not a debt technically, or in the sense of that term as used in pleading and in legal proceedings. *Fellows* v. *Duncan*, 13 Met. 332." And while there are remarks in the opinion indicating that this conclusion is not unjust in view of the peculiar provisions of that statute as to the method of computing damages and as to liability for betterments, and while that peculiarity has been commented upon as one of the ·reasons for the decision (see *Deane* v. *Hathaway*, 136 Mass. 129), still the fact remains that the claim for land damages is by reason of its special character not a debt within the meaning of our tax statutes until it has become fixed and receivable. And the case must be regarded as adopting and enunciating that principle. This decision was announced forty years ago. It was announced as the interpretation of a clause in a statute of wide application and of constant use in one of the most important functions of goverment, to wit, the

money raising power. Since the decision the statute has been several times under the scrutiny of the law making power and many changes have been made in it, but none in the particular clause under consideration. Throughout all the changes the words "other debts due the persons to be taxed," etc., have remained. Gen. Sts. c. 11, § 4. Pub. Sts. c. 11, § 4. R. L. c. 12, § 4, cl. 2. St. 1909, c. 490, Part I, § 4, cl. 2.

However broad may be the term "debt" (see *Woodbury* v. *Sparrell Print*, 187 Mass. 426, and cases cited), and whatever may be its meaning in other connections, and however close may have been originally the question whether, as used in our tax statutes, it included unliquidated damages for land taken, it must be held that since the Legislature in the various codifications has used the term in the same identical connection as before, it has adopted the judicial interpretation given to it, namely, as not including such damages. If there is to be a change in the meaning of the statute it must be effected by a legislative change of its language and not by a change in judicial interpretation of the language so long in use.

The respondent's contention that the petitioner is estopped from claiming an abatement because under protest she included this claim for land damages in the list filed by her on May 13 after the amount was fixed by settlement is untenable. The situation of affairs on April 1, the time as of which the taxes were assessed, determines the rights of the parties under the circumstances of this case. In accordance with the terms of the report there is to be judgment for the petitioner for $278.80 and interest from October 10, 1910.

*So ordered.*