## Pryor *v.* Marion County *et al.*

### (*Nashville.* December Term, 1917.)

1. **TAXATION.** Property subject. Judgment in condemnation proceedings pending appeal.

Under Acts 1907, chapter 602, section 5 (1) (Thompson-Shannon Code, section 774, subd. 1), providing that all property shall be assessed for taxes for the current year, a judgment in condemnation proceedings pending appeal is taxable. (*Post, pp.* 402-404.)

Acts cited and construed: Acts 1907, ch. 602, sec. 5.

Cases cited and approved: People ex rel. Lyon v. Halstead, 26 App. Div., 316; Arnold v. Middletown, 41 Conn., 207; Bucksport v. Woodman, 68 Me., 33; Lowell v. Street Commissioners, 106 Mass., 540; Powers v. Worcester, 210 Mass., 471; United States v. Cerecedo Hermanos Y. Compania, 209 U. S., 332; Union Ins. Co. v. Hoge, 21 How., 35; English v. Crenshaw, 120 Tenn., 531; Memphis v. Bing, 94 Tenn., 644; Crenshaw v. Moore, 124 Tenn., 528; Gulf Refining Co., v. Chattanooga, 136 Tenn., 505.

Cases cited and distinguished: Cameron v. Cappeller, Auditor, 41 Ohio St., 533; Plow Co. v. Hays, 125 Tenn., 155.

Code cited and construed: Sec. 774, subd. 1 (T.-S.).

2. **TAXATION.** Property subject. Construction of statute.

A doubt as to whether property sought to be taxed is taxable is resolved in favor of tax-payer. (*Post. pp.* 404-406.)

3. **STATUTES.** Construction. Executive construction.

Courts are not bound by the construction put upon statutes by the officers charged with their enforcement. (*Post, pp.* 404-406.)

Cases cited and approved: State v. Murphy, 101 Tenn., 515; Southern Ry. Co. v. Jennings, 130 Tenn., 455.

4. **TAXATION.** Property not subject to accurate valuation.

Under Constitution article 2, section 28, providing that all property shall be taxed and specifying what the legislature may ex-

Pryor v. Marion County.

empt from taxation, property is not exempted because of the difficulty of assessing it at its actual worth. (*Post, pp.* 406, 407.)

Cases cited and approved: Bank v. Memphis, 116 Tenn., 653; Memphis v. Bank, 91 Tenn., 588; Railroad v. Wilson, 89 Tenn., 608; Chattanooga v. Railroad, 75 Tenn., 576.

Constitution cited and construed: Art. 2, sec. 28.

FROM MARION.

Appeal from the Chancery Court of Marion County. —Hon. Foss H. Mercer, Chancellor.

Leslie R. Darr, for appellants.

Brown, Spurlock & Brown and Stewart & Stewart, for appellee.

Mr. Justice Fentress delivered the opinion of the court.

The question presented for determination is: Are judgments in condemnation proceedings pending upon appeal taxable?

At the April term, 1914, of the circuit court of Marion county complainant recovered a judgment for $55,918.38 against the Chattanooga & Tennessee River Power Company for her lands which had been appropriated and submerged by the building of a dam by the company across the Tennessee river at Hale's Bar.

It appealed from this judgment to the court of civil appeals, and on October 17, 1914, that court rendered a judgment in favor of the complainant for $49,500. The company filed a petition for *certiorari* in the supreme court, which was granted prior to January 10, 1915. On January 30, 1915, the judgment of the court of civil appeals was affirmed by this court, and a short time thereafter was paid.

Upon her tax list for the year 1915, filed with the county assessor, the complainant did not return this judgment. The assessor thereafter made a supplemental list for her, assessing the judgment at $40,000. She appeared before the county board of equalization and protested against the action of the assessor, but without success.

Complainant not having paid the tax upon the judgment, the county trustee issued execution, and a levy was threatened. She then paid the State's portion of the tax, and sought to recover the same by this bill and to enjoin the county from making a levy for the amount due it.

The case was heard before the chancellor, upon an agreed statement of facts, and he entered a decree for the recovery of the amount paid the State, and enjoined the county from making a levy. The county trustee has appealed to this court.

By Acts 1907, chapter 602 section 5 (1) (Thompson's Shannon's Code, subsection. 1, section 774), it is provided that all property shall be assessed for taxes for the current year as of January 10th.

We think the action of the chancellor was erroneous, and that the judgment is a proper subject for taxation.

In *Cameron v. Cappeller, Auditor,* 41 Ohio St., 533, it was held that a judgment which was pending upon appeal was taxable. The judge who delivered the opinion of the court observed:

"Surely, when a legal claim is reduced to judgment, although there is alleged error in so doing it, it does not so lose its taxable character as to excuse its owner from returning it for taxation at its true value."

In *People ex rel. Lyon v. Halstead,* 26 App. Div., 316, 49 N. Y. Supp., 685, it was held that a claim against the city of New York for property taken under condemnation proceedings, which was pending upon an appeal from an appraisement, was a proper subject for assessment.

It is insisted, however, that in the following cases the contrary was held: *Arnold v. Middletown,* 41 Conn., 207; *Bucksport v. Woodman,* 68 Me., 33; *Lowell v. Street Commissioners,* 106 Mass., 540. An attentive examination, however, of these cases shows that they do not support this contention.

In the Connecticut case the municipality had the plaintiff's property appraised, but it never appropriated it, and under the statute it had sixty days within which to decide whether it would take it. The court held that during this period the plaintiff had no cause of action.

In the Maine case it appeared that there was a claim for some ships which had been destroyed. The opinion states that it was a debt due by one government to another, and that no appropriation had been made by Congress to pay the claim, and for that reason it was not a proper subject for taxation.

In the Massachusetts case it was sought to assess a claim for damages for land condemned by the city of Boston to widen a street. The court held that in view of the fact that the damages were uncertain and had not been passed upon by a jury therefore the claim should not be taxed. However, in the later case of *Powers* v. *Worcester*, 210 Mass., 471, 97 N. E., 95, the soundness of the opinion in *Lowell* v. *Street Commissioners* was doubted. But the court held that in view of the long-standing judicial interpretation of the statute it was improper for the court to change the meaning given it.

It is insisted with great earnestness that, after diligent inquiry, no instance has been found in Tennessee where a judgment has been assessed for taxes, and that the revenue officials of the State have construed the tax laws not to include pending judgments. Counsel contend that the interpretation put upon the revenue statutes by the officers charged with the duty of applying them should be followed by the courts. Furthermore, it is urged that all questions of doubt should be resolved against the government.

In *Plow Co.* v. *Hays*, 125 Tenn., 155, 140 S. W., 1068, it was said:

"The construction placed upon a statute by the officers whose duty it is to execute it is entitled to great consideration. *United States* v. *Cerecedo Hermanos Y Compania,* 209 U. S., 337, 28 Sup. Ct., 532, 52 L. Ed., 821; *Union Insurance Company* v. *Hoge,* 21 How, 35, 16 L. Ed., 61 Cyc., vol. 36, p. 1140. . . . It is also a settled rule of interpretation in this State that statutes levying taxes or duties upon citizens will not be extended by implication beyond the clear import of the language used, nor will their operation be enlarged so as to embrace matters not specifically pointed out, although standing upon a close analogy. All questions of doubt arising upon the construction of the statute will be resolved against the government, and in favor of the citizen, because burdens are not to be imposed beyond what the statute expressly imports."

See *English* v. *Crenshaw,* 120 Tenn., 531, 110 S. W., 210, 17 L. R. A. (N. S.), 753, 127 Am. St. Rep., 1025; *Memphis* v. *Bing,* 94 Tenn., 644, 30 S. W., 745; *Crenshaw v. Moore,* 124 Tenn., 528, 137 S. W., 924, 34 L. R. A. (N. S.), 1161, Ann. Cas., 1913A, 165; *Gulf Refining Co.* v. *Chattanooga,* 136 Tenn., 505, 190 S. W., 463.

The court was there speaking of matters which were manifestly ambiguous. Under such circumstances what was said was applicable. In cases where doubts arise as to whether the property sought to be taxed is taxable, this court following the rule quoted, resolves the doubt in favor of the taxpayer, and in interpreting revenue statutes has followed, where

consistent, the common understanding and interpretation of the fiscal officers of the State; but it is a fixed rule, and heretofore has been so declared, that the courts are not bound by the construction put upon statutes by the officers charged with their enforcement. *State* v. *Murphy,* 101 Tenn., 515, 47 S. W., 1098. To hold otherwise would make the judgments of the courts subservient to the opinion of the tax officials and this would be an abandonment by the court of its function to construe all laws. However, we shall presently see that rules for the construction of statutes have no place in this case.

Finally, it is insisted that judgments pending upon appeal cannot be properly assessed. The insistence is that they may be reversed and eventually prove of no value. It is also contended with much earnestness, that judgments having as their basis something intangible would likewise have to be assessed as well as judgments having a tangible basis, and that there is thus presented great difficulty in placing a valuation on them. We are not called upon to pass on the question as to whether judgments having an intangible basis are taxable. The facts here do not present the question. The argument that a judgment in a condemnation proceeding may be reversed cannot avail. In *Southern Ry. Co.* v. *Jennings,* 130 Tenn., 455, 171 S. W., 82, it was said that the attitude of a condemnor in possession of property appropriated was that of a claimant to ownership with the concession of liability for compensation. The right to condemn being out of

the way, the only question is as to the amount the
owner is entitled to recover. Error in the judgment
cannot result in depriving the owner ultimately of a
recovery for some amount. What good reason then
can be suggested for permitting it to escape taxation?

The fact that it may be difficult to assess property
at its actual worth is not a valid argument for per-
mitting it to escape taxation. It is perhaps im-
possible to accurately value anything that is not
readily marketable. This reason, however, is not an
excuse for exempting such property from bearing its
proportionate part of the burden of government, and
is no answer to the mandate of the Constitution of the
state.

Article 2, section 28, of the constitution, says:

"All property real, personal or mixed, shall be tax-
ed, but the legislature may except such as may be held
by the State, by counties, cities or towns, and used
exclusively for public or corporation purposes, and
such as may be held and used for purposes purely
religious, charitable, scientific, literary or educational,
and shall except one hundred dollars worth of per-
sonal property in the hands of each taxpayer, and the
direct product of the soil in the hands of the producer,
and his immediate vendee. All property shall be tax-
ed according to its value, that value to be ascertained
in such manner as the legislature shall direct, so that
taxes shall be equal and uniforn throughout the
State."

This language is simple and unambiguous. It is not necessary to invoke rules of construction to ascertain its meaning. In *Bank* v. *Memphis,* 116 Tenn., 653, 94 S. W., 606, this court in interpreting it said, "Its force cannot be dissipated by construction. It is positive and imperative. *Memphis* v. *Bank,* 91 Tenn., 588, 19 S. W., 1045; *Railroad* v. *Wilson,* 89 Tenn., 608, 15 S. W., 446; *Chattanooga* v. *Railroad,* 7 Lea, 576.

The decree sustaining the bill is reversed, and the cause will be remanded, in order that the chancellor may fix the fee of the solicitor of the defendant. *Railroad* v. *Marion County,* 120 Tenn., 347, 108 S. W., 1058.