ANNA W. WOLBACH & another, executors, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk. January 10, 1929. — September 10, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Tax*, On income. *Partnership*. *Practice, Civil*, Case stated, Exceptions, Appeal.

Partnership articles provided that upon "the death of a partner the partnership shall continue, but all right of the deceased to share in the profits shall terminate and all right and title of the deceased in and to the property, assets and business of the partnership including the goodwill, shall vest in the surviving partners" in specified proportions; that a stated amount of the capital contributed by the deceased "shall remain with the partnership and shall be subject to the risks of the business, and in the event of any liquidation of the business shall be subordinate to the payment and satisfaction of all debts and obligations of the partnership and shall be treated in. the final statement as if it were a contribution of capital"; that such capital so remaining with the partnership "shall not be withdrawn by the representatives of the deceased partner but shall be paid to them by the

surviving partners" in five annual instalments; that such payments should "be treated as withdrawals of capital and . . . not . . . deemed debts or obligations of the continuing firm or any of the partners thereof"; that, until full payment, interest at the rate of six per cent per annum should be paid on sums unpaid; and that the sole remedy for failure of the surviving partners to make the required payments was liquidation after a notice from the representative of the deceased partner, in which event they would not share in any surplus or profits but receive only the amount of capital due them with interest. A partner resident in Massachusetts died in 1925. *Held,* that

(1) The partnership with which the deceased partner had been associated ceased on his death;

(2) Executors of his will did not become partners in the firm;

(3) Sums paid by the partners to the executors as interest under the provisions of the articles of partnership were not taxable as partnership income under G. L. c. 62, § 17;

(4) Such interest was taxable under G. L. c. 62, § 1 (a), as "interest . . . from money at interest and all debts" due to the executors.

A complaint for abatement of an income tax was heard by a judge in the Superior Court on what was entitled a "Stipulation of Facts," which was an agreement as to every fact in the record. To an order of judgment for the respondent for expenses and costs, the complainant excepted and also claimed an appeal therefrom. *Held,* that the "stipulation" constituted a "case stated" and that the proper way to bring such a case at law before this court was by appeal: resort ought not to be had both to exceptions and to appeal in the same case.

TWO COMPLAINTS, filed in the Superior Court on August 22, 1927, and November 1, 1927, respectively, under § 47 of G. L. c. 62, in the amended form appearing in St. 1926, c. 287, § 3, for abatement of income taxes assessed upon the complainants for the year 1926 upon income of 1925, and for the year 1927 upon income of 1926.

The complaints were heard in the Superior Court by *Lummus,* J., upon what was entitled a "Stipulation of Facts." Material facts are stated in the opinion. The judge ordered judgment for the respondent for expenses and costs. The complainants alleged exceptions and also filed appeals.

·C. M. *Rogerson,* (*J. N. Worcester* with him,) for the complainants.

*R. A. Cutter,* Assistant Attorney General, for the respondent.

RUGG, C.J.    These are two complaints by way of appeal from a refusal by the respondent to abate income taxes as-

sessed upon the complainants for the year 1926 upon income of 1925, and for the year 1927 upon income of 1926. The complaints are filed under St. 1926, c. 287, § 3, amending G. L. c. 62, § 47. The two complaints were tried together and treated as raising questions of law upon the stipulated facts. The facts pertinent to the grounds of this decision are these: The complainants' testator died on February 2, 1925. He had been a partner in a firm existing under carefully drawn articles of copartnership. It therein was provided that upon "the death of a partner the partnership shall continue, but all right of the deceased to share in the profits shall terminate and all right and title of the deceased in and to the property, assets and business of the partnership including the goodwill, shall vest in the surviving partners" in specified proportions. A stated amount of the capital contributed by the deceased "shall remain with the partnership and shall be subject to the risks of the business, and in the event of any liquidation of the business shall be subordinate to the payment and satisfaction of all debts and obligations of the partnership and shall be treated in the final statement as if it were a contribution of capital." Such capital so remaining with the partnership "shall not be withdrawn by the representatives of the deceased partner but shall be paid to them by the surviving partners" at the rate of five equal annual instalments. The privilege of anticipating the whole or any part of any or all of these instalments was vested in the surviving partners. All payments of capital in the manner prescribed "shall be treated as withdrawals of capital and shall not, either before or at liquidation, be deemed debts or obligations of the continuing firm or any of the partners thereof, and no part of said amounts shall be charged against the account of any partner. Until the aggregate sum is fully paid the surviving partners shall pay the legal representatives of any deceased partner interest semiannually at the rate of six (6) per cent. per annum on the amount from time to time unpaid and with the final payment such interest then accrued and unpaid." The sole remedy of the representatives of the deceased partner for failure by the surviving partners to make to them the required payments

was the right, upon written notice to the surviving partners, to call upon them to liquidate the business in the manner provided in the articles; but in the event of such liquidation the representatives of the deceased partner do not share in any surplus or profits but receive only the amount of capital due them with interest. No demand has been made for the liquidation of the partnership. The firm, in accordance with the articles of copartnership, paid to the complainants for the period ending June 30, 1925, $65,583.98, and during the year 1926, $197,666.67, as "interest . . . at the rate of six (6) per cent. per annum on the amount" of property of the estate of the testator remaining "with the partnership." The defendant assessed for each year upon two thirds of the sum so paid (a beneficiary of one third being a nonresident of this Commonwealth) a tax at the rate of six per cent, classifying this income as taxable under G. L. c. 62, § 1(a), as "Interest from . . . money at interest and all debts due the person to be taxed." This section is by § 9 of the same chapter made applicable to the estates of deceased persons. The complainants paid these taxes under protest and, having complied with all conditions precedent, seek by these proceedings to have the assessments declared contrary to the statute. They contend that the payments thus received by them were not interest on money at interest or on debts, and that the only tax due with respect to those sums was from the partnership itself under G. L. c. 62, § 17.

It is manifest that the complainants, as representing the estate of the deceased partner, did not become partners in the firm. The provision in the partnership articles to the effect that "upon the death of a partner the partnership shall continue," in view of the other provisions, did not have the effect of introducing into the partnership the representatives of the estate of the deceased partner. The death of a partner commonly has the effect of dissolving a partnership, at least in the sense that the deceased partner is no longer associated in the active business. This is so, both at common law, *Wellman* v. *North*, 256 Mass. 496, 501; *Hawkes* v. *First National Bank of Greenfield*, 264 Mass. 545, and under the uniform partnership act, St. 1922, c. 486, adding to the

General Laws the new c. 108A, §§ 29, 30, 31. See *Ashley* v. *Dowling*, 203 Mass. 311; *Williams* v. *Milton*, 215 Mass. 1; *Dana* v. *Treasurer & Receiver General*, 227 Mass. 562, 565. Whatever may be the succeeding partnership, the one of which the deceased partner was a member has ceased so far as he is concerned. The complainants as representatives of their testator did not share in the profits of the partnership. They had no voice whatever in the management of the business or in shaping its policies. It may be, as a practical matter, that the six per cent payable semiannually on the amount of property of the deceased remaining with the business was paid out of profits, but that is not required by the terms of the articles of copartnership. Payment of that interest is all that can be demanded by the complainants. The partnership could provide for those payments in any way thought advisable by its members. Circumstances might arise which would render it wise for the firm, in order to avoid liquidation of the partnership on demand of the complainants to make the stipulated payments of interest even though there were no profits available for that purpose. The only characteristic of a partnership inherent in the relation of the complainants to the firm was that the property of their testator remaining with the partnership was subject to its risks. That feature alone does not constitute a partnership. *Rosenblum* v. *Springfield Produce Brokerage Co.* 243 Mass. 111. Uniform Partnership Act, St. 1922, c. 486, adding a new chapter c. 108A, to the General Laws, §§ 6, 7, 18.

The case at bar is distinguishable from *Stearns* v. *Brookline*, 219 Mass. 238, where by oral agreement it was "part of the articles of copartnership" that, in the event of the death of the testator, "the firm should continue and he would make arrangements 'so that his estate, after his death, should take the same place in the firm which he had had while living, and under the same terms and conditions.'" That was held to be a dominating factor in that case and therefore the property left in the business under the will of the deceased partner was not a debt or money at interest, but was taxable only as partnership property because the trustees under the will of the deceased partner and the surviving members of the firm

became in legal effect a new partnership.    The present case is also distinguishable from *Parker* v. *Commissioner of Corporations & Taxation*, 255 Mass. 546, where the complainant was a special partner in a firm, contributed a definite sum which was at the risk of the business, received out of the profits a stated rate per cent on his investment, and in addition shared in further profits, if any were earned applicable thereto. That complainant was held to receive the income as partner in a business and not simply by way of interest on an investment.

The partnership articles in the case at bar fall within the not uncommon class where arrangements are made for conduct of the business after the death of one partner by the survivors and for a gradual withdrawal of the share of the deceased partner so as not to be too great a shock to the partnership adventure.    *Williams* v. *Brookline*, 194 Mass. 44.    *Murphy* v. *Murphy*, 217 Mass. 233.

It follows that the sums paid by the partnership to the estate of the deceased partner were not taxable as part of the partnership income under G. L. c. 62, § 17.

It remains to consider whether the money received by the complainants rightly can be comprehended under the description "interest . . . from money at interest and all debts" due to the complainants and hence is subject to the tax assessed under G. L. c. 62, § 1(a).    Giving to the words of the statute their natural meaning according to the common and approved usage of the language, they seem to include the money here taxed.    That return on the investment of the deceased partner in the partnership is called in the articles of copartnership "interest."    It is at a specified rate payable semiannually, and the surviving partners are required to "pay" that "interest."    It is calculated on an exactly defined sum liquidated and susceptible of easy ascertainment at every moment, all of which must ultimately be paid to the estate of the deceased partner unless diminished in some legal way because "subject to the risks of the business."    That risk in the circumstances disclosed does not derogate from the liquidated character of the obligation.    The money of the deceased partner is invested with the firm.    His estate is

entitled to receive "interest" at a fixed rate payable at stated times.   The remaining members of the firm are required to make such payments of "interest."    All these matters arise from a written contract.   These features usually constitute the peculiarly distinguishing attributes of money at interest. See *Glidden* v. *Newport*, 74 N. H. 207.   Although not decisive, some weight rightly may be attached to the use of the word "interest" in the articles of copartnership as being employed in the sense of indicating compensation for the detention of money due under a legal obligation.   *Granger* v. *Pierce*, 112 Mass. 244.   *Hayes* v. *Commissioner of Corporations & Taxation*, 261 Mass. 134, 136.   The case at bar in this particular is distinguishable from cases like *Lowell* v. *Street Commissioners of Boston*, 106 Mass. 540, and *Powers* v. *Worcester*, 210 Mass. 471, where damages due for a taking by eminent domain, although bearing interest, were not subject to taxation, because the principal amount due was uncertain until such damages have become fixed and irrevocable.

Considerable stress in argument in behalf of the complainants has been laid upon *Williams* v. *Boston*, 208 Mass. 497.   The facts in that case were unusual.   Partial payments of large sums of money were made by the vendee to the vendor of real estate in advance of the delivery of the deed, which was placed in escrow in the hands of a third person until full performance.   These payments were held to belong absolutely to the vendor as and when made and to give rise to no claim therefor on the part of the vendee.   Although there was provision in the agreement for payment of "interest" at a specified rate on the money so paid by the vendor to the vendee in the final settlement, that was treated by the court as compensation for use of the property until the deed should be delivered and possession transferred, and not as interest on money due to the vendee.   That decision does not hold that, prior to enactment of the income tax law, the words of R. L. c. 12, § 4, Second, subjecting to taxation "Money at interest, and other debts due" the person assessed, applied only to those sums which constitute a debt in favor of the taxpayer.   It is to be noted that the words of the present governing statute are slightly broader in

that "interest from . . . money at interest and all debts" are now made subject to the income tax. It is not necessary to consider what change of meaning, if any, was thereby wrought. See Report of Special Commission on Taxation, 1916, House Document No. 1700, pages 46, 47.

Whether the obligation due from the partnership to the estate of the deceased partner may be taxable under the statutory description "all debts" need not be discussed. See *Mill Dam Foundery* v. *Hovey*, 21 Pick. 417, 455; *Woodbury* v. *Sparrell Print,* 187 Mass. 426; *H. G. Kilbourne Co.* v. *Standard Stamp Affixer Co.* 216 Mass. 118, and cases reviewed; *Miller* v. *Robertson*, 266 U. S. 243, 248, 249.

As matter of authority the case at bar is controlled by *Holcombe* v. *Commissioner of Corporations & Taxation*, 245 Mass. 353. Analysis of so recent a decision hardly is demanded. In its essential facts it cannot be distinguished from the present case. The same kind of decision is here required.

The cases come before us both by appeal and by bill of exceptions. They were heard upon what is termed in the record a "Stipulation." It is in truth an agreement as to every fact in the record. Accurately described, it constitutes a "case stated." *Frati* v. *Jannini*, 226 Mass. 430. The order by the trial judge was that "judgment be entered for the respondent for expenses and costs." The strictly proper way to bring such a case at law before this court is by appeal. St. 1928, c. 306, § 2, amending G. L. c. 231, § 96. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133. It may be that the cases, if brought here by exceptions alone, might have been considered. G. L. c. 231, § 113. Resort ought not to be had both to exceptions and to appeal in the same case. In each case the entry may be,

*Order for judgment affirmed.*
*Exceptions dismissed.*