*3 OPINION.
Aeundell:
The facts in this case are on all fours with those in Maurice L. Goldman et al., Executors, 15 B. T. A. 1341, in which we held that there should be included in decedent’s income the share of partnership income allocable to the decedent to the date of his death. See also Clarence B. Davison, 20 B. T. A. 856; affd., C. C. A., 2d Cir., in which the only distinction was that the partnership was on the accrual basis, and we held the principle of the Goldman case applicable. Petitioners here contend that the decision in R. W. Archbald et al., Executors, 4 B. T. A. 483, is in conflict with the Goldman decision and the principle of the Archbdld case should be applied here. In the Goldmam case we specifically overruled the Arohbald case in *4 so far as the two were in conflict. This leaves the Goldman case as representing our present view, under which the position taken by respondent in the present case is correct.
While .it appears that according to the partnership books, the decedent’s correct distributive share of partnership income was $141,426.24 (excluding the $15,167.95 carried over from 1926), the executors made certain adjustments and reported decedent’s share as $139,016.05. We understand from the statements of counsel at the hearing that there is no dispute as to the adjustments so made by the executors, and that the figure of $139,016.05 is accepted by the parties as correct. In determining the deficiency the respondent made certain adjustments in the income reported and the deductions claimed. As no error is alleged with respect to such adjustments, the respondent’s determination is affirmed.
Some attempt is made to show that under Massachusetts law — the partnership here being within that jurisdiction — a partnership is not necessarily dissolved by the death of a partner. The cited cases, as we read them, do not so hold. Murphy v. Murphy, 217 Mass. 233, merely sustains a contract for the carrying on of the business of the partnership after the death of one or more of the partners. Wolbach v. Commissioner, 268 Mass. 365; 167 N. E. 677, cited by both parties, holds that:
The death of a partner commonly has the effect of dissolving a partnership, at least in the sense that the deceased partner is no longer associated in the active business. This is so, both at common law * * * and under the uniform partnership act [in effect in that jurisdiction]. Whatever may be the succeeding partnership, the one of which the deceased partner was a member has ceased so far as he was concerned.
No decision is pointed to which construes an agreement to continue the business as one continuing the partnership itself. We see no ground for distinguishing this case from the Goldman and Davison cases and we accordingly hold that the principle of those cases applies here.

Decision will be entered for the respondent.